CITY OF PHILADELPHIA ET AL. *v.* NEW JERSEY ET AL.

No. 75–1150.   Argued November 3, 1976—Decided February 23, 1977

*Herbert F. Moore* argued the cause for appellants.   With him on the briefs were *Arthur Meisel* and *John R. Padova.*

*Stephen Skillman,* Assistant Attorney General of New Jersey, argued the cause for appellees.   With him on the brief were *William F. Hyland,* Attorney General, and *Mark L. First,* Deputy Attorney General.*

PER CURIAM.

This suit challenges the constitutionality of a New Jersey statute prohibiting any person from bringing into New Jersey "any solid or liquid waste which originated or was collected outside the territorial limits of the State," except garbage to be fed to swine.   1973 N. J. Laws, c. 363.   The New Jersey Supreme Court held that the Act was not pre-empted by a federal statute addressing questions of waste disposal, the

---

*\*M. Jerome Diamond,* Attorney General of Vermont, *Benson D. Scotch,* Assistant Attorney General, *David H. Souter,* Attorney General of New Hampshire, and *Donald W. Stever, Jr.,* Assistant Attorney General, filed a brief for the States of Vermont and New Hampshire as *amici curiae* urging affirmance.

Briefs of *amici curiae* were filed by *Louis L. Meier, Jr.,* for the American Society of Civil Engineers, and by *William C. Brashares* for the National Solid Wastes Management Assn.

Solid Waste Disposal Act of 1965, 79 Stat. 997, 42 U. S. C. § 3251 *et seq.* (1970 ed. and Supp. V), and was not unconstitutional as discriminating against or placing an undue burden on interstate commerce. *Hackensack Meadowlands Dev. Comm'n* v. *Municipal Sanitary Landfill Authority*, 68 N. J. 451, 348 A. 2d 505 (1975). We noted probable jurisdiction on April 5, 1976, 425 U. S. 910.

On October 21, 1976, the Resource Conservation and Recovery Act of 1976, 90 Stat. 2795, 42 U. S. C. § 6901 *et seq.* (1976 ed.), became law. The parties at the Court's request supplemented their briefs to address the question of the impact of the new federal statute on the New Jersey Act. Appellants argue that the Federal Act displaces the New Jersey law, and appellees argue that it does not preempt or in any way undercut the validity of the New Jersey legislation. While federal pre-emption of state statutes is, of course, ultimately a question under the Supremacy Clause, U. S. Const., Art. VI, cl. 2, analysis of pre-emption issues depends primarily on statutory and not constitutional interpretation. Therefore, it is appropriate that the federal pre-emption issue be resolved before the constitutional issue of alleged discrimination against or undue burden on interstate commerce is addressed. We think it appropriate that we have the views of the New Jersey Supreme Court on the question whether or to what extent the Resource Conservation and Recovery Act of 1976 pre-empts the New Jersey statute. The judgment of the New Jersey Supreme Court is therefore vacated, and the case is remanded for reconsideration in light of that Act.

*So ordered.*

MR. JUSTICE POWELL, with whom THE CHIEF JUSTICE, MR. JUSTICE STEWART, and MR. JUSTICE REHNQUIST join, dissenting.

The Resource Conservation and Recovery Act of 1976, 42 U. S. C. § 6901 *et seq.* (1976 ed.), evidences a federal con-

cern with the growing problem of waste disposal in this country. This complex statute attempts to deal with this problem in a variety of ways. Because the impact of the statute will depend in part on the regulations promulgated under it, generalizations at this time as to the effect of the statute should be made with caution. But I do think it is abundantly clear from the text of the statute and from its legislative history that Congress did not intend to pre-empt state laws such as the one at issue here. In its report on the statute the House Committee on Interstate and Foreign Commerce recognized the existence of state laws similar to this New Jersey law. H. R. Rep. No. 94–1491, pp. 3, 10 (1976). The report explicitly disclaimed any pre-emptive intention.

"It is the Committee's intention that federal assistance should be an incentive for state and local authorities to act to solve the discarded materials problem. At this time federal preemption of this problem is undesirable, inefficient, and damaging to local initiative." *Id.*, at 33.

In view of this express disclaimer, I do not understand how the Court can assume that pre-emption remains an open question.

We should decide this case on the merits and not burden the parties and the Supreme Court of New Jersey by a remand which unnecessarily creates delay, expense, and uncertainty.