TOWN OF PLATTEKILL, by Its Supervisor Dominick Ferrante, Appellant, v DUTCHESS SANITATION, INC., Respondent.

Third Department, February 24, 1977

*Greenblatt & Forrester, P. C. (Michael H. Forrester* of counsel), for appellant.

*Mangold & Mahar (Jennifer L. Van Tuyl* of *Pagones & Cross, P. C.,* of counsel), for respondent.

*Norman Kellar* for Concerned Citizens Committee of Town of Plattekill, *amicus curiae.*

MAIN, J. On September 8, 1962 the Town Board of the Town of Plattekill duly adopted an ordinance for the purpose of regulating the dumping of garbage, rubbish and waste and, in pertinent part, the ordinance prohibits the dumping of such substance, originating from outside the town, within the town. The defendant, Dutchess Sanitation Inc., is engaged in the business of collecting and disposing of waste and garbage and has purchased a 74-acre tract, previously operated as a disposal area, upon which it intended to dump the collected substance. Defendant has purchased another tract of 279 acres and is negotiating for the purchase of a third parcel of 150 acres, both of which it contemplates using in connection with its disposal business. The three parcels are all located within the plaintiff town's boundaries. Admittedly, until temporarily restrained, the defendant was dumping garbage and other

waste, collected from outside the plaintiff town's boundaries, upon the 74-acre parcel.

The plaintiff commenced this action seeking to permanently enjoin the defendant corporation from violating the ordinance and, after issue was joined, moved for summary judgment. Special Term denied the motion. Plaintiff contends that enactment of the ordinance was a proper exercise of its home rule powers in that such action was to protect the health and safety of its citizens and, accordingly, was in all respects reasonable and, therefore, constitutional. The defendant, of course, contends otherwise, asserting that a trial is necessary to determine whether or not the ordinance is reasonable and it further contends that the selective enforcement practice of the plaintiff renders the ordinance unconstitutional as applied to it. It also contends that it is entitled to rely on prior nonconforming use at least as to the 74-acre parcel.

Garbage is a deleterious substance *(City of Rochester v Gutberlett,* 211 NY 309, 318). Adverse conditions which result from such a facility are obvious and the fact that such an operation is subject to sanitation regulations does not alter the fact that garbage dumps, no matter how carefully controlled, present some hazard to a community. Under the ordinance, the harmful conditions are not eliminated, but they are limited to an extent and the town is entitled, in the exercise of its police power, to minimize this potential by limiting the quantity *(Wiggins v Town of Somers,* 4 NY2d 215). This holding was reaffirmed many years later, after the adoption of more regulations, the implementation of better refuse treatment practices and after dumps had attained a more sophisticated title of landfill *(Town of Stillwater v Doughty,* 25 NY2d 986). Nor is the town required to defer enactment until it is faced with a serious nuisance or health problem *(City of Rochester v Gutberlett, supra,* p 316). Legislative enactments are presumed to be constitutional, i.e., they are presumed to be supported by facts known to the Legislature *(Wiggins v Town of Somers, supra,* p 218). The rule is that the law may not be arbitrary and it must be reasonably related to some manifest evil *(Defiance Milk Prods. Co. v Du Mond,* 309 NY 537, 540-541). Such an evil is shown here and the defendant has failed in its burden to demonstrate the unreasonableness of the ordinance. There was no factual allegation here that the communities surrounding Plattekill were for some reason unable to handle their own garbage and

refuse, no allegation that Plattekill was not, perhaps, overburdened by its own disposal problem, nor any allegation that, in the interest of sound regional planning, Plattekill should assume at least part of the burden of disposing of its neighbors' refuse. Accordingly, we conclude that the defendant has failed to allege essential and relevant facts which, if proven, could demonstrate that the ordinance was in any manner unreasonable under the circumstances.

Nor do we find any merit to the defendant's "selective enforcement" argument. Defendant, at most, has alleged previous nonenforcement and this is not enough. To prevail and thus render the ordinance unenforceable on this principle, it must be demonstrated that its provisions were enforced against the challenger here and not enforced as to others and that there was "arbitrary and intentionally unfair discrimination", "clear and intentional discrimination", "invidious discrimination" *(Matter of Di Maggio v Brown,* 19 NY2d 283, 291). No such discrimination has been alleged or demonstrated and the "selective enforcement" argument must fail.

As to defendant's final contention wherein it relies upon the law of nonconforming uses, we again find no merit. As previously indicated, the ordinance is clearly a health and safety measure and not a retroactive zoning ordinance which prohibits the use of defendant's property as a garbage dump altogether. Since this ordinance was one enacted under the police power, a prior nonconforming use, if indeed there was one, was not immune from the operation of the ordinance *(Town of Hempstead v Goldblatt,* 9 NY2d 101, affd 369 US 590; *Matter of Engelsher v Jacobs,* 5 NY2d 370, cert den 360 US 902).

The order should be reversed, on the law, with costs; the plaintiff's motion for summary judgment should be granted and judgment directed to be entered in favor of plaintiff permanently enjoining defendant from violating the ordinance regulating disposal of garbage, rubbish and other articles.

GREENBLOTT, J. P., SWEENEY and HERLIHY, JJ., concur; LARKIN, J., not taking part.

Order reversed, on the law, with costs; plaintiff's motion for summary judgment granted and judgment directed to be entered in favor of plaintiff permanently enjoining defendant from violating the ordinance regulating disposal of garbage, rubbish and other articles.