DUTCHESS SANITATION,
INC., Plaintiff,

v.

TOWN OF PLATTEKILL, by its Supervisor, Dominick Ferrante, Francis J. Vogt, District Attorney, Ulster County, New York, Thomas Mayone, Sheriff, Ulster County, New York, Defendants.

No. 77 Civ. 2066 (CHT).

United States District Court,
S. D. New York.

June 21, 1977.

Gino E. Gallina, New York City by Gino E. Gallina, Juris D. Cedarbaum, Eric J. Weiss, New York City, for plaintiff.

Greenblatt, Forrester & Axelrod, P.C., Newburgh, N.Y. by Michael H. Forrester, Newburgh, N.Y., for defendant Town of Plattekill.

Louis J. Lefkowitz, Atty. Gen. State of New York, New York City by Jules E. Orenstein, Asst. Atty. Gen., New York City for defendant Vogt.

Abraham F. Molyneaux, County Atty., County of Ulster, Kingston, N.Y. by Francis T. Murray, Asst. County Atty., Kingston, N.Y., for defendant Mayone.

TENNEY, District Judge.

In this action brought under 42 U.S.C. § 1983, the plaintiff, Dutchess Sanitation, Inc. ("Dutchess"), a New York corporation, seeks "monetary, compensatory and punitive damages" against the three defendants—the Town of Plattekill, by its Supervisor Dominick Ferrante, the District Attorney of Ulster County, New York, Francis J. Vogt, and the Sheriff of that county, Thomas Mayone—and an injunction against the enforcement of an ordinance of the Town of Plattekill.[1] By order to show cause dat-

---

1. The complaint states "that this court has jurisdiction of said action under Title 28 of the United States Code, Section 1332," Complaint ¶ 5, and cites no other grant of subject-matter

ed April 29, 1977, the plaintiff requested a preliminary injunction against enforcement of the ordinance, and oral argument was heard on that application. Subsequently, defendant Vogt moved for dismissal of the action under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. The Court has also had the benefit of briefs of all parties on the application of the equitable abstention doctrine to this case. For the reasons stated below, the Court finds that it is barred from entering the requested injunction by the pendency of both civil and criminal actions in the New York state courts and that monetary relief may not be obtained from these defendants. Accordingly, the complaint is dismissed.

An explication of the history of this action is critical to its disposition. In 1975 Dutchess purchased a 74-acre tract, previously used as a private garbage disposal area, in the Town of Plattekill. The plaintiff, in its business of collecting and disposing of waste and garbage, then proceeded to bring onto that site garbage collected from locations outside the Town. In April of 1976 the Town of Plattekill, by its Supervisor Dominick Ferrante, commenced an action by means of an order to show cause in the New York State Supreme Court, Ulster County, seeking to enjoin Dutchess from violating the Town "Ordinance Regulating Garbage, Rubbish & Other Articles," which reads in part:

> "*SECTION 6B*: No licensee shall collect any garbage, rubbish and waste materials of any kind which originates outside the bounds of the Town of Plattekill, in the Town of Plattekill dumping area or on any other property public or private,

in the Town of Plattekill." Amendment of April 25, 1968.

The Town's motion for summary judgment was denied on August 19, 1976, and the Town appealed to the Appellate Division, Third Department.

By opinion of Justice Main dated February 24, 1977, the Third Department reversed the order of the Supreme Court and directed that an injunction be entered "in favor of plaintiff permanently enjoining defendant from violating the ordinance regulating disposal of garbage, rubbish and other articles." *Town of Plattekill v. Dutchess Sanitation, Inc.,* 56 A.D.2d 150, 152, 391 N.Y.S.2d 750, 753 (3d Dep't 1977). Justice Main found that Dutchess had failed to demonstrate the unreasonableness of the ordinance and thus had not overcome the presumption that the ordinance was constitutional. *Id.* at 151–52, 391 N.Y.S.2d at 752. He also rejected Dutchess's claim that the Town had selectively enforced the ordinance. *Id.* at 152, 391 N.Y.S.2d at 753.

On March 4, 1977, the same Justice of the Supreme Court who had denied the motion for summary judgment granted a stay of the injunction pending appeal, pursuant to N.Y.C.P.L.R. § 5519(c). On March 5 and 7, according to the plaintiff, employees of Dutchess were arrested for violating the Town ordinance by defendant Mayone, the Ulster County Sheriff, allegedly upon orders of defendant Vogt, the Ulster County District Attorney. Affirmation of Gino E. Gallina, sworn to April 26, 1977, ¶¶ 2(g)–(h). On March 7, the Town of Plattekill filed a notice of appeal from the stay order of March 4, and on March 8 five more of

jurisdiction. The section cited, however, establishes jurisdiction based on diversity of citizenship, which clearly does not exist here. However, the Court, construing the pleadings liberally, will assume that the plaintiff intended to found jurisdiction on 28 U.S.C. § 1343(3), the jurisdictional grant more traditionally relied on in actions under 42 U.S.C. § 1983. Nevertheless, this action has other fatal jurisdictional defects, which are discussed in the text.

Furthermore, the complaint requests the convening of a three-judge court under 28 U.S.C. §§ 2281 & 2284. Section 2281, which formerly

mandated a three-judge court whenever an injunction against a state statute was requested on the ground that the statute was unconstitutional, was repealed on August 12, 1976. Pub.L. No. 94–381, § 1, 90 Stat. 1119. Section 2284 establishes the procedure for the convening of a three-judge court "when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a).

Dutchess's employees were arrested. *Id.* ¶ 2(i). By opinion of March 23, 1977, the Third Department ruled that the notice of appeal of March 7 automatically stayed the March 4 stay order (with the net effect that the injunction against Dutchess Sanitation was back in effect) and that the March 4 stay had been improperly granted since the Town had not been afforded an opportunity to be heard in opposition. *Town of Plattekill v. Dutchess Sanitation, Inc.,* 56 A.D.2d 951, 393 N.Y.S.2d 184 (3d Dep't 1977). Accordingly, the stay of March 4 was vacated, and Dutchess was instructed to make "a proper application . . . , upon adequate notice, for a stay pending its appeal to the Court of Appeals." *Id.* at 952, 393 N.Y.S.2d at 184.[2] On April 5, 1977, the Court of Appeals denied an application by Dutchess for a stay pending the appeal. The criminal actions against the employees are also currently pending in the Town Court of the Town of Plattekill. Affirmation of Gino E. Gallina, sworn to April 26, 1977, ¶ 2(m).

This federal action was commenced by a complaint filed April 28, 1977. On the following day the plaintiff obtained an order that the defendants show cause why they should not be preliminarily enjoined from enforcing the ordinance, and the Court heard oral argument on May 3.

### Abstention

The jurisdiction of this Court is invoked notwithstanding the fact that there are both civil and criminal proceedings pending in the New York state courts which involve issues identical to those now being raised by way of this section 1983 action in the federal court. In the state court civil action, the Town of Plattekill, a defendant here, seeks to enjoin the plaintiff from violating the Town ordinance. Indeed, the Town has obtained such relief from the Appellate Division, and that injunction is currently in effect. Moreover, the constitutionality of the statute—the very issue on which this action is based—has been questioned in the

state court injunction action, and is "presently pending in the state court," as the attorney for the plaintiff conceded at oral argument. Transcript of Oral Argument of May 3, 1977, at 8. Indeed, the plaintiff agrees that the Court of Appeals should be allowed to decide the merits of this case and asks only that this Court "give us a temporary stay" pending a decision on the merits. *Id.* at 17; letter of Gino E. Gallina to the Court, dated May 4, 1977, at 2.

Under the doctrine of equitable abstention, first announced by the Supreme Court in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and explicated in a number of recent cases, the pendency of these civil and criminal actions defeats the attempt to obtain a federal injunction in this case. Most compelling is the existence of the criminal proceeding. *Younger v. Harris* and its companion cases state that the district court may not grant relief which will interfere with a pending state court criminal proceeding. Here the Court is asked to enjoin the defendants, including the Ulster County District Attorney, from enforcing the ordinance under which the employees of the plaintiff are being prosecuted by that District Attorney. Surely such an injunction would interfere with the prosecution. Furthermore, the fact that the criminal action is pending against the employees rather than the plaintiff itself is irrelevant. Here, as in *Hicks v. Miranda,* 422 U.S. 332, 348–49, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), the interests of the plaintiff-employer are intertwined with those of the employees, and this action seeks to interfere with the pending state prosecution. Indeed, the naming of the Sheriff and District Attorney of Ulster County as parties to the federal action must be seen as intending to interfere with the criminal proceedings allegedly being directed by these county officials. Thus, the pendency of the criminal prosecution alone would defeat this Court's jurisdiction to grant the requested injunction.

**2.** The Third Department also vacated a March 9, 1977 order of the Supreme Court which

initiated contempt proceedings against the Town, the Sheriff and the District Attorney.

584

The pendency of the civil action creates a separate and equally strong ground for this result, however.[3] The nature of the state action is such that an injunction issued by this Court would violate the principles of equity, comity and federalism upon which the abstention doctrine is based. As in *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608–09, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), the state court injunction proceeding must be viewed as one "which in important respects is more akin to a criminal prosecution than are most civil cases", *id.* at 604, 95 S.Ct. 1200, 1208, and falls within the category described by the Supreme Court as "state civil enforcement actions." *See Trainor v. Hernandez*, —— U.S. ——, —— – ——, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977). And the proceeding is clearly "in aid of and closely related to" a criminal statute, since section 11 of the Town ordinance makes violation of any of the provisions of the ordinance a misdemeanor. *See Huffman v. Pursue, Ltd., supra,* 420 U.S. at 604, 95 S.Ct. 1200; Note, *Younger* Grows Older: Equitable Abstention in Civil Proceedings, 50 N.Y. U.L.Rev. 870, 874–93 (1976).

In an attempt to defeat the application of the abstention doctrine in this case, the plaintiff correctly points out that abstention is not warranted where the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph". *See Huffman v. Pursue, Ltd., supra,* 420 U.S. at 611, 95 S.Ct. at 1212. None of those conditions can be found to exist here, however. In its most serious allegation of bad-faith harassment, the plaintiff states that

"the District Attorney and Sheriff of Ulster County have taken sides in the civil suit and on three occasions have arrested drivers employed by the plaintiff at a time when they knew that a Court order

permitting dumping was in full force and effect." Plaintiff's Memorandum of Law, dated May 18, 1977, at 2.

A brief examination of the circumstances of these arrests, however, reveals the insubstantiality of the allegation. For three days—March 5–7, 1977—during which the arrests occurred, an order of the state Supreme Court was in effect pursuant to N.Y. C.P.L.R. § 5519(c). That section permits the "court of original instance" to "stay all proceedings to enforce the judgment or order appealed from pending an appeal". Under such a stay order the Town would have been prohibited from attempting to enforce the injunction granted by the Appellate Division by use of a procedure such as that established by N.Y.C.P.L.R. § 5104 (providing for punishment for contempt if the party enjoined fails to obey the court's order). Strictly speaking, the stay order of March 4 prohibited the Town of Plattekill from going into court to enforce the injunction and did not, in the words of the plaintiff, "stay the injunction" or "permit dumping." Nor was it in any way binding on persons not parties to the injunction action, such as the Sheriff and the District Attorney. Furthermore, the Appellate Division subsequently declared the stay to have been illegally granted and thus a nullity. *Town of Plattekill v. Dutchess Sanitation, Inc., supra,* 56 A.D.2d at 951, 393 N.Y.S.2d at 184. Thus, the actions of the District Attorney and the Sheriff pursuant to their statutory duties to enforce the law, N.Y. County L. §§ 650, 700, cannot be seen as bad-faith harassment.

The other allegations of bad faith are also without merit. The allegations of selective enforcement and nonenforcement of the ordinance were specifically considered and rejected by the Appellate Division. *Town of Plattekill v. Dutchess Sanitation, Inc., supra,* 56 App.Div.2d at 152, 391 N.Y.S.2d at 753.

---

**3.** The Supreme Court has held that an action is "pending" even though an injunction has been granted if the federal plaintiff still had a right to appeal at the time the federal action was filed. *Huffman v. Pursue, Ltd.*, 420 U.S. 592,

608–09, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). A fortiori, the actual pendency of the appeal in this case means that the state civil action is "pending."

Finally, the allegation that the Town ordinance is "flagrantly and patently" unconstitutional is without merit, particularly in the light of the Supreme Court's recent discussion of that exception to the abstention doctrine. *See Trainor v. Hernandez, supra*, —— U.S. at ——, 97 S.Ct. 1911.[4]

### Monetary Damages

 In addition to the request for an injunction, the plaintiff has demanded "monetary, compensatory and punitive damages" of $1,000,000. Since this monetary relief cannot be obtained from any of the defendants, the damage portion of this action must also be dismissed. The action against the Town must fall since municipalities are not persons within the meaning of 42 U.S.C. § 1983, and are thus immune from damages under the statute. *Monroe v. Pape*, 365 U.S. 167, 187–92, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Similarly, the request for damages against defendant Mayone, the Ulster County Sheriff, and defendant Vogt, the District Attorney, for their actions taken in the enforcement of an ordinance ultimately found to be constitutional as applied to this plaintiff by the Appellate Division, must fall in the face of the section 1983 immunity accorded to prosecutors for "initiating a prosecution," *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), and the good faith defense available to police officials acting under a law which they reasonably believe to be constitutional. *Pierson v. Ray*, 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

In sum, the existence of pending civil and criminal proceedings, as discussed above, and the unavailability of money damages constitute insurmountable barriers to the assertion of federal jurisdiction over this case. Accordingly, the complaint is dismissed.

So ordered.

**4.** The plaintiff also argues that the Federal Resource Conservation and Recovery Act of 1976, 42 U.S.C. §§ 6901–87, preempts local law in the field of waste disposal, citing *City of Philadelphia v. New Jersey*, 430 U.S. 141, 97 S.Ct. 987, 988, 51 L.Ed.2d 224 (1977). In that case, however, the majority opinion specifically disclaimed any finding of preemption and remanded the case for reconsideration of the state statute in the light of the new federal act.

Moreover, the four-Justice dissent clearly stated that "it is abundantly clear from the text of the statute and from its legislative history that Congress did not intend to preempt state laws such as the one at issue here." *Id.* (Powell, J., dissenting). This Court agrees with the views of the dissent, which it believes will prevail upon any full examination of the federal statute and its legislative history. Thus, the federal act has no relevance to this case.