DUTCHESS SANITATION SERVICE, INC., Appellant, v TOWN OF PLATTEKILL, Respondent.

Third Department, March 27, 1980

APPEARANCES OF COUNSEL

*Steven A. Greenwold* for appellant.

*Greenblatt, Forrester & Axelrod, P. C. (Richard Greenblatt* of counsel), for respondent.

## OPINION OF THE COURT

KANE, J.

Plaintiff acquired real property in the defendant Town of Plattekill in 1975 and operated the premises as a sanitary landfill. A town ordinance, adopted in 1962, prohibits dumping refuse within the town that originates outside the town. In a prior action, this court upheld the validity of the ordinance and permanently enjoined plaintiff from violating any of its terms *(Town of Plattekill v Dutchess Sanitation,* 56 AD2d 150, affd 43 NY2d 662). Thereafter, the Supreme Court of the United States held that a New Jersey statute which prohibited the importation of most out-of-State wastes violated the commerce clause of the United States Constitution *(City of Philadelphia v New Jersey,* 437 US 617). This action was then commenced to vacate the injunction heretofore granted insofar as it prevents the disposal of refuse originating outside the State of New York. Plaintiff moved for summary judgment and defendant cross-moved for the same relief. Special Term granted the cross motion, dismissed the complaint and, after granting reargument, adhered to its original decision. These appeals ensued.

Although we agree defendant's cross motion for summary judgment was properly granted, we would do so on the

merits, rather than on the ground of *res judicata* relied upon by Special Term. The constitutional issue asserted here was raised in the original action and the determination thereof would ordinarily bar further litigation of that question, for it is the general rule that subsequent changes in decisional law will not justify vacating a judgment (cf. *Slater v American Min. Spirits Co.,* 33 NY2d 443). However, it is also basic law that a court of equity has the power to change its decree where there has been a change of circumstances (see *People v Scanlon,* 11 NY2d 459), even in the absence of a specific reservation of such authority (28 NY Jur, Injunctions, § 159). Thus, the doctrine of *res judicata* does not strictly apply to plaintiff's present action and its arguments to have the injunction vacated should be considered.

■ ■ As to the merits, we note that the ordinance does not, by its terms, discriminate against interstate trade. Without distinguishing between out-of-State and domestic waste, it simply prohibits the importation of refuse, regardless of origin. Its clear purpose is to effectuate a legitimate local public interest through an evenhanded ban on all wastes from out-of-town sources. Any effect on interstate commerce is purely incidental, and any burden so imposed cannot be considered excessive when measured against the local benefits derived from the enactment. There is convincing proof that noxious and highly polluted liquid by-products can be produced in a landfill which might contaminate ground and surface waters in the town. In addition, copies of letters from potential out-of-State customers do not support the claim of a burden on interstate commerce; they merely suggest some interest in a future business relationship with plaintiff. Lastly, it appears that plaintiff operates another disposal site closer to the location of those potential future customers. Accordingly, the ordinance meets the standards prescribed in *Pike v Bruce Church* (397 US 137, 142), quoted with approval in *City of Philadelphia v New Jersey* (437 US 617, 624, *supra).*

The order, entered April 13, 1979, should be modified, on the law, to the extent of denying plaintiff's motion and granting defendant's cross motion for summary judgment on the merits, and, as so modified, affirmed, with costs.

The order, entered October 2, 1979, should be affirmed, with costs.

Sweeney, J. P., Staley, Jr., Casey and Herlihy, JJ., concur.

Order, entered April 13, 1979, modified, on the law, to the extent of denying plaintiff's motion and granting defendant's cross motion for summary judgment on the merits, and, as so modified, affirmed, with costs.

Order, entered October 2, 1979, affirmed, with costs.