In re Harvey **KOMET** & Eleanor B. **Komet**, Debtors.

Bankruptcy No. 88–50379 C.

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Nov. 18, 1988.

---

William H. Tennant, Jr., Veitch & Davis, San Antonio, Tex., for debtors.

Walter C. Wolff, Jr., Wolff & Wolff, San Antonio, Tex., for First City Bank—Central Park and First City Bank—Forum, N.A.

Martin, Shannon & Drought, Inc., San Antonio, Tex., for San Antonio Sav. Ass'n.

James H. Barrow, Kaufman, Becker & Clare, San Antonio, Tex., for Texas Commerce Bank—San Antonio.

## DECISION AND ORDER

LEIF M. CLARK, Bankruptcy Judge.

On the 23rd day of June 1988, in San Antonio, Texas, came on to be heard the objections of First City Bank–Central Park, First City Bank–Forum, N.A., San Antonio Savings Association and Texas Commerce Bank–San Antonio ("creditors") to the exemptions claimed by Harvey Komet and Eleanor B. Komet ("debtors").

The debtors elected the "state exemptions" in their schedules. At issue here is the debtors' asserted exemption of a $100,-000 pension plan and a $140,000 profit sharing plan, both claimed under a newly adopted Texas exemption statute which renders virtually all types of qualified retirement plans exempt from execution. The relevant provision reads:

> In addition to the exemptions prescribed by Section 42.001, a person's right to the assets held in or to receive payments, whether vested or not, under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract, including a retirement plan for self-employed individuals, or under an individual retirement account or individual retirement annuity, including a simplified employee pension plan is exempt from attachment, execution, and seizure for the satisfaction of debts unless the plan, contract, or account does not *qualify under the applicable provisions of the Internal Revenue Code of 1986.* A person's right to the assets held in or to receive payments, whether vested or not, under a government or church plan or contract is also exempt unless the plan or contract does not qualify under the definition of a government or church plan under *the applicable provisions of the Federal Employee Retirement Income Security Act of 1974.*

Tex.Prop.Code, Sec. 42.0021(a) (West pamphl. ed. 1988) (emphasis added).

The creditors contend that the debtors should only be entitled to claim one of the two retirement plans under the new law, an issue of first impression in Texas. Thus, the original issue this court faced was whether the Texas Legislature intended to limit the number of retirement plans a debtor could exempt.

While in the process of resolving this issue, another issue of superceding importance surfaced, namely whether the Texas statute was preempted by the Federal Employee Retirement Income Security Act of 1974. Although the parties in this cause did not argue the preemption issue, the recent United States Supreme Court decision in *Mackey v. Lanier Collections Agency & Service Inc.*, 486 U.S. ——, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) obliges this court to carefully scrutinize the statute for possible preemption. If ERISA

preempts Section 42.0021(a), then the issue of whether more than one plan can be claimed exempt under the Texas scheme is moot.

Section 514(a) of ERISA provides that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan covered by the statute." 29 U.S.C. Section 1144(a). The decisive query is whether the Texas statute "relates to" an ERISA plan. *Mackey v. Lanier Collections Agency & Service, Inc.*, 486 U.S. ——, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Alessi v. Raybestos–Manhattan Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). *Mackey* restated the standard in ERISA preemption analysis: "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.*, 486 U.S. at ——, 108 S.Ct. at 2185, 100 L.Ed.2d at 843. Moreover, "[t]he pre-emption provision [of Section Section 514(a) ] displace[s] all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements." *Id.* at ——, 108 S.Ct. at 2185, 100 L.Ed.2d at 844. The preemptive sweep of ERISA is thus broad, far-reaching, and powerful, though not all-inclusive. The Supreme Court has declared that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law relates to the plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100, 103 S.Ct. 2890, 2901, 77 L.Ed.2d 490, 501 (1983). Unfortunately, "the Court presented no principled formula by which to ascertain which state laws were so 'tenuous, remote, or peripheral' as to avoid the broad scope of ERISA preemption." Gregory, *The Scope of ERISA Preemption of State Law: A Study in Effective Federalism*, 48 Pitt.L. Rev. 427, 465–466 (1987).

Still, this court is not without interpretive tools. In addition to the Supreme Court's dictate that preemption be applied liberally, this court has an affirmative duty to develop federal common law when interpreting any ERISA provision. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 24 n. 26, 103 S.Ct. 2841, 2854 n. 26, 77 L.Ed.2d 420, 440 n. 26 (1983). Further, although preemption is ultimately a Supremacy Clause issue, preemption analysis depends primarily on statutory and not constitutional interpretation. *Philadelphia v. New Jersey*, 430 U.S. 141, 142, 97 S.Ct. 987, 988, 51 L.Ed.2d 224, 226 (1977).

It is manifest to this court that the language in the first sentence of the Texas statute, "unless the plan does not qualify under the applicable provisions of the Internal Revenue Code," implicates and incorporates ERISA, and thus "relates to" ERISA plans. The major qualification issue raised in the federal tax provisions which govern retirement plans is ERISA qualification. For instance, Internal Revenue Code Section 401(a) refers to ERISA-qualified pension, profit-sharing and stock bonus plans, Sections 403(a) and (b) refer to ERISA-qualified annuities, section 408 refers to ERISA-qualified individual retirement accounts, and section 409 refers to ERISA-qualified employee stock ownership plans. 26 U.S.C. Sections 401(a), 403(a), (b), 408, 409. A plan which does not qualify under ERISA does not enjoy favorable tax benefits, hence the importance of the qualification. The first sentence of the Texas statute thus "relates to" ERISA plans to the extent proscribed by *Mackey*. *Id.*, 486 U.S. at ——, 108 S.Ct. at 2185, 100 L.Ed.2d at 843.

The second sentence of the Texas statute *expressly* refers to and exempts all government or church plans if they qualify under ERISA. This express reference is alone enough to cause its preemption. In *Mackey*, ERISA preempted a Georgia statute that exempted all ERISA funds and benefits from garnishment except for alimony or child support obligations. The Court emphasized that the statute clearly failed

becaused it "expressly refers to—indeed solely applies to—ERISA employee benefit plans." *Id.*, at —, 108 S.Ct. at 2185, 100 L.Ed.2d at 843.

This court thus must hold that Section 42.0021(a) of the Texas Property Code is preempted by Section 514(a) of ERISA. As a result, the issue whether the statute allows for more than one plan to be exempt is moot.

The Texas Legislature may have intended to further ERISA's essential objective of protecting employee pension rights, but such an intent does not save it from preemption. ERISA displaces all state laws that fall within its sphere, even state laws that are consistent with ERISA's substantive requirements. Preemption by ERISA of state law is a matter to be decided with extreme care. This court is "guided by respect for the separate spheres of governmental authority preserved in our federalist system." *Alessi v. Raybestos–Manhattan Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). However, "goals of an express preemption analysis, [such as an analysis under Section 514(a) ]... should be to prevent subtle or incremental state encroachment into a field that Congress has chosen expressly to reserve for federal law." Kilberg and Inman, *Preemption of State Laws Relating to Employee Benefits Plans: An Analysis of ERISA Section 514*, 62 Tex.L.Rev., 1313, 1316 (1984). The onus is upon Congress to amend ERISA if it wishes to place exemption statutes like the one at issue here beyond ERISA's preemptive reach.

Congress could, in the alternative, amend ERISA to expressly confer the same broad *Federal* exemption now enjoyed by such other benefits as Social Security payments (42 U.S.C. Sec. 407), civil service retirement benefits (5 U.S.C. Sec. 8346), veterans benefits (45 U.S.C. Sec. 352), and special pensions paid to winners of the Congressional Medal of Honor (38 U.S.C. 3101). These benefits, unlike ERISA, contain within themselves an exemption conferred by federal law, available to be claimed as such by debtors who elect the state exemption scheme under Section 522(b)(2). *See* 11 U.S.C. Sec. 522(b)(2) ("an individual debtor may exempt from property of the estate ... any property that is exempt under Federal law, other than subsection (d) of [Section 522], or State or local law"); *see also* S.Rep. No. 989, 95th Cong.2d Sess 75–76 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5861–62, Radford, *Exclusion and Exemption in Bankruptcy of Debtor's Interests in ERISA-qualified Retirement Plans*, Norton Bankr.L. & Prac. Monograph No. 2 (1986). Under current law, ERISA benefits enjoy only a very limited exemption from execution. *Mackey v. Lanier Collections Agency & Service, Inc.*, 486 U.S. at —, 108 S.Ct. at 2184, 100 L.Ed.2d at 843; *see also Matter of Goff*, 706 F.2d 574 (5th Cir.1983).

Either solution would permit debtors electing the state exemptions to exempt their retirement plans. Until then, Texas debtors in bankruptcy will be forced to make the unpalatable choice between electing the state exemptions to keep their homestead or electing the federal exemptions to keep their retirement plans. *See* 11 U.S.C. Section 522(d)(10)(E).

The objections to the claimed exemptions are sustained. Debtors' claim of exemption for the pension plan and profit sharing plan under Section 42.0021 of the Texas Property Code are DENIED.

So ORDERED.