A05A2273. SHUMAN v. ILA LOCAL 1414.
A05A2286. TAYLOR v. ILA LOCAL 1414.
(625 SE2d 482)

PHIPPS, Judge.

ILA Local 1414 (ILA) filed separate complaints in the Superior Court of Chatham County seeking money judgments against two of its members, Isaac Shuman and Roosevelt Taylor, for nonpayment of certain union service fees. In each case, the trial court granted ILA's motion for summary judgment. In Case No. A05A2273, Shuman has filed a pro se appeal. In Case No. A05A2286, Taylor also appeals pro se. Because of the similarity of the issues, we have consolidated the cases for decision. In both cases, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[1]

The following facts are undisputed. ILA is the branch of the International Longshoremen's Association which represents longshoremen in the Port of Savannah. At that port, longshoremen are referred to work on a daily basis through a hiring hall maintained by ILA. The cost of operating the hiring hall is met by charging each longshoreman a percentage of the hourly wage income he or she earns

---

[1] *Munroe v. Universal Health Services*, 277 Ga. 861, 864 (2) (596 SE2d 604) (2004) (citation and punctuation omitted).

as a result of a referral. The percentage is established by the constitution and bylaws of ILA, which are approved by a vote of two-thirds of its membership. By becoming a member of ILA, a longshoreman agrees to pay the pro rata share through a system whereby the employee authorizes his or her employer to withhold the relevant amount from the employee's earnings. Until 2003, the amount of the check-off was six percent of gross hourly earnings. In 2003, ILA voted to build a new hiring hall and to amend the constitution and bylaws to increase the check-off dues to seven percent.

ILA presented evidence showing that on or about October 1, 2003, both Shuman and Taylor failed to execute the required check-off authorization for their employers to deduct the fees from their paychecks; and that, since that time, they have made no payments to the union to pay their pro rata share of the cost of operating the hiring hall, despite applying for work and accepting employment through the hiring hall. ILA filed the complaints against Shuman and Taylor in July 2004, showing that between October 1, 2003, and December 31, 2004, Shuman had earned $115,828.50 in hourly wages but had refused to pay his $8,108.00 service fee; and that, during the same time period, Taylor had earned $164,887.95 in hourly wages but had refused to pay his $11,542.16 service fee.

1. At the outset, Shuman argues that the superior court lacked jurisdiction over ILA's complaint. This argument is without merit. ILA seeks damages against Shuman based on breach of his obligation to pay service fees required by the union constitution and bylaws. "[M]embership in a labor union constitutes a contract between the member and the union, the terms of which are governed by the constitution and by-laws of the union. . . ."[2] A state court can award damages for breach of such contract.[3]

2. Shuman also contends that the trial court lacked personal jurisdiction over him because service of process was insufficient. Shuman has, however, waived this defense by failing to raise it either in his answer or by motion before the trial court.[4]

3. Both Shuman and Taylor assert that the 2003 membership vote to amend the local union's constitution and bylaws to increase the check-off to seven percent was invalid because the vote was conducted by show of hands, rather than by secret ballot in accordance with the requirements of the constitution and bylaws.

In essence, Shuman and Taylor challenge the validity of the formation of the contract under which ILA seeks to hold them liable.

---

[2] *Intl. Assn. of Machinists v. Gonzales,* 356 U. S. 617, 618 (78 SC 923, 2 LE2d 1018) (1958).

[3] See id. at 621-622.

[4] See *Burch v. Dines,* 267 Ga. App. 459, 461 (2) (600 SE2d 374) (2004).

But Shuman and Taylor have attempted to establish the factual basis for this defense through attachments to their appellate briefs, rather than through evidence submitted before the trial court. "[U]nsupported assertions of fact contained in the briefs of parties but not supported by evidence of record cannot be considered in the appellate process. [Cit.]"[5] Consequently, no error in the court's award of summary judgment to ILA has been shown here.

4. Shuman challenges the validity of the fee by claiming that the seven percent deduction generates more revenue than reasonably needed to defray the cost of operating the hiring hall.

Under the record, there is an issue of fact as to this question as the parties have provided conflicting, albeit conclusory, affidavits as to the reasonableness of the fee. We conclude, however, that even a finding that the fee is somehow unreasonable would not render it legally unenforceable, as courts do not inquire into the adequacy of contract consideration (at least where, as here, there is consideration to support the contract).[6] Moreover, "[c]ourts should strive to avoid interference with internal union affairs."[7]

Consequently, the court did not err in granting ILA's motions for summary judgment in either case.

*Judgments affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 16, 2005.

Isaac Shuman, *pro se.*
Roosevelt Taylor, *pro se.*
*Bignault & Carter, W. Paschal Bignault,* for appellee.

---

[5] *Zaytzeff v. Safety-Kleen Corp.,* 222 Ga. App. 48, 49 (1) (473 SE2d 565) (1996).
[6] See generally 17A AmJur2d, Contracts § 135, p. 150 (1991); *NLRB v. Local 138, Intl. Union of Operating Engineers,* 385 F2d 874 (2d Cir. 1967).
[7] *Newell v. Intl. Brotherhood of Electrical Workers,* 789 F2d 1186, 1189 (5th Cir. 1986) (citations omitted).