A08A2007. PERRY et al. v. INTERNATIONAL LONGSHOREMEN ASSOCIATION LOCAL NO. 1414.
(673 SE2d 302)

ANDREWS, Presiding Judge.

A number of former union members appeal from the Chatham County trial court's grant of summary judgment to International Longshoremen Association Local No. 1414 ("Local 1414") concerning fees allegedly owed it by the ex-members arising from their

acceptance of work at the union's hiring hall. Appellants argue that the trial court, rather than the National Labor Relations Board ("NLRB"), had jurisdiction to decide whether they were "voluntary" members of Local 1414; that federal law preempted the trial court from ruling on the fee dispute; and that Local 1414's assessment of the referral fees violates the Georgia Right-to-Work Act. We affirm.

The relevant facts are not in dispute. Local 1414 operates a hiring hall in the Port of Savannah where both members and nonmembers may obtain referrals for temporary work according to seniority. Members were charged seven percent of the hourly wages earned, while nonmembers were charged a fee based on the number of hours worked. Between 2004 and 2006, appellants accepted referrals through the hiring hall. When Local 1414 demanded payment, those appellants who had not already resigned from the union did so. Appellants then filed unfair labor practice and other charges with the NLRB.

In September 2006, the NLRB authorized a settlement under which nonmembers would be reimbursed the difference between the hourly fee charged to them and the seven percent fee charged to members. Local 1414 then brought this action for the seven percent fee charged to appellants while union members, as well as $1.337 for each hour of pay appellants received while nonmembers, on jobs obtained at the hiring hall between June 2005 and September 2006. The trial court denied appellants' motion to dismiss on grounds including that the NLRB had exclusive jurisdiction, that the settlement agreement was reasonable, and that the fees did not violate OCGA § 34-6-22. The trial court later granted summary judgment to Local 1414 on the ground that no material issue of fact remained concerning appellants' indebtedness.

After the Supreme Court transferred the appeals to us, we granted six applications concerning debts of less than $10,000 and consolidated them with direct appeals concerning more than $10,000. See OCGA § 5-6-35 (a) (6) (requiring application for discretionary appeal concerning money judgments for less than $10,000).

1. Appellants sought resolution of their claims before the NLRB and appealed the settlement of those claims to its Office of General Counsel, which concluded that the settlement was adequate and denied their appeal. They cannot raise matters previously settled as counterclaims to the fee dispute lingering after that settlement. See *Armstrong Cork Co. v. Joiner*, 221 Ga. 789, 795-796 (1) (147 SE2d 317) (1966) (trial court was without jurisdiction to adjudicate employer's claim for breach of contract arising from union's picketing activities when those activities were arguably a violation of the Taft-Hartley Act). The trial court did not err when it found that it

lacked jurisdiction to consider the voluntariness of appellants' former membership status.

2. Appellants raise two related challenges to the superior court's award of dues to the union: (a) that federal law preempted the court from making the award; and (b) that the union's assessment of fees violates OCGA § 34-6-22, which provides that "[n]o individual shall be required as a condition of employment or continuance of employment to pay any fee, assessment, or other sum of money whatsoever to a labor organization."

(a) "While federal pre-emption of state statutes is, of course, ultimately a question under the Supremacy Clause" of the United States Constitution, preemption "depends primarily on statutory and not constitutional interpretation." *Philadelphia v. New Jersey*, 430 U. S. 141, 142 (97 SC 987, 51 LE2d 224) (1977). We thus consider how other courts have construed the interplay between state right-to-work laws and federal labor law.

(b) State right-to-work laws have been held enforceable against unions which seek to impose fees or dues on nonmembers for purposes of supporting the union's process of collective bargaining. See *Retail Clerks Intl. Assn., Local 1625 v. Schermerhorn*, 373 U. S. 746 (83 SC 1461, 10 LE2d 678) (1963); see also 105 ALR5th 243 (2003), § 12. Such is not the case here, however, where the payment of the referral fee was not a condition of appellants' employment, and where, in the wake of the NLRB settlement, the union charges members and nonmembers the same fee amount for jobs obtained at the hiring hall.

An exclusive but nondiscriminatory hiring hall does not compel union membership, and thus is not within the grant of power left to the states under Section 14 (b) of the Taft-Hartley Act (29 USC § 164 (b)). See *Laborers' Intl. Union &c., Local 107 v. Kunco, Inc.*, 472 F2d 456, 458-459 (8th Cir. 1973) (reversing dismissal of union's suit to enforce a collective bargaining agreement's provision establishing an exclusive nondiscriminatory hiring hall); *Stricker v. Swift Bros. Constr. Co.*, 260 NW2d 500, 504 (S.D. 1977) (establishment of an exclusive nondiscriminatory hiring hall does not amount to a "compulsory unionism agreement"). Just as the union has an obligation to provide referrals for all employees, whether members or not, all employees obtaining jobs at the hall should be obliged to pay their share of its costs. See *Cone v. Nevada Svc. Employees Union*, 998 P2d 1178, 1182-1183 (Nev. 2000) (state right-to-work law does not bar nonmembers from paying a service fee to union for grievance representation).

Finally, appellants have not contested Local 1414's calculation of the amounts of referral fees due it, and the reasonableness of those fees is a matter of contract consideration, not legality. *Shuman v.*

*ILA Local 1414*, 277 Ga. App. 76, 78 (4) (625 SE2d 482) (2005). It follows that the trial court did not err when it granted the union summary judgment.

*Judgment affirmed. Bernes and Doyle, JJ., concur.*

DECIDED JANUARY 30, 2009

*Barrow & Ballew, Joseph H. Barrow*, for appellants.
*Bignault & Carter, W. Paschal Bignault*, for appellee.