In re Dr. John A. McLEOD, III.

DEPOSIT GUARANTY NATIONAL BANK, Plaintiff,

v.

Dr. John A. McLEOD, III, Defendant.

BANK OF HATTIESBURG, Plaintiff,

v.

Dr. John A. McLEOD, III, Defendant.

BANK OF MISSISSIPPI

v.

Dr. John A. McLEOD, III, Defendant.

FIRST GUARANTY BANK FOR SAVINGS, Plaintiff,

v.

Dr. John A. McLEOD, III, Defendant.

TRUSTMARK NATIONAL BANK, Plaintiff,

v.

Dr. John A. McLEOD, III, Defendant.

Bankruptcy No. 8807313HEG.
Adv. Nos. 8801021HC, 8801022HC, 8801024HC, 8801025HC and 8801027HC.

United States Bankruptcy Court, S.D. Mississippi.

June 7, 1989.

Curtis Smith, Hattiesburg, Miss., Thomas L. Webb, Meridian, Miss., Jolly W. Matthews, Susan K. Steadman, Lawrence C. Gunn, Jr., Hattiesburg, Miss., for plaintiffs.

Dana E. Kelly, Jackson, Miss., for defendants.

## OPINION

EDWARD R. GAINES, Bankruptcy Judge.

The question presented for determination by these adversary proceedings is whether the debtor may claim certain retirement funds as exempt property from his Chapter 7 estate. After hearing oral arguments and based on the law submitted to the Court by counsel for the parties regarding the debtor's motion for partial summary judgment, the Court granted the relief requested by the debtor and allowed the funds to be claimed as exempt. Prior to entry of a written order, a Motion for Findings of Fact and for Modification of Judgment and Reconsideration of Opinion of the Court was filed by the creditor-plaintiffs. After considering the additional memoranda, and case law, the Court is of the opinion that the motion for reconsideration should be granted and the debtor's motion for partial summary judgment should be denied.

## I. FACTS

On February 17, 1988, Dr. John A. McLeod, III filed a petition for relief under Chapter 7 of Title 11 of the United States Code. Complaints requesting relief on various claims [1] were filed against the debtor by the creditors herein, Deposit Guaranty National Bank, Bank of Hattiesburg, First Guaranty Bank for Savings, Bank of Mississippi and Trustmark National Bank, in September of 1988. During November of 1988, the debtor filed motions for partial summary judgment in which he claimed that as a matter of law he was entitled to certain exemptions provided by Section 85–3–1 of the Mississippi Code. The debtor claimed as exempt in his bankruptcy schedules, as amended on April 17, 1989, the amount of $515,511.88 in vested, unmatured interests in ERISA (Employee Retirement Income Security Act) qualified retirement funds. The issues raised in the motions were briefed by the parties and oral arguments were presented to the Court on February 22, 1989.

A major point argued by the banks on the oral arguments was that the debtor could not have the benefit of the exemption under Section 85–3–1 for retirement funds because the statute was not in effect until after the loans were made to the debtor, and that the time the debts were incurred controlled the exemptions that were allowable. This argument was rejected by the Court.

Another major point argued by the banks was that Section 85–3–1 was unconstitutional because it violated their contractual rights. The Court also rejected this argument on the basis that the creditors

---

1. These included, but were not limited to, objections to discharge, preferential transfers, objections to exemptions, secretion of assets, and creation of trusts.

had no contractual right to the property claimed by the debtor as exempt.

Prior to entry of a written order granting the debtor's motion for partial summary judgment, the creditors filed, on March 6, 1989, their Motion for Findings of Fact and For Modification of Judgment and Reconsideration of Opinion of the Court asserting the discovery of certain cases which further enlightened the movants. The argument asserted, and addressed in the briefs requested by the Court, was that the state exemption statute is pre-empted by federal law under ERISA, and that, therefore, the debtor is not entitled to claim any exemption of ERISA qualified funds under Section 85–3–1 of the Mississippi Code Annotated.

The parties have stipulated that the debtor's interests in the pension plans *are property of the estate*, and it is not necessary for this Court to resolve that preliminary issue.

The Court's conclusions of law follow.

## II. LAW

Section 522 of the Bankruptcy Code provides the authority under which a debtor may exempt certain property from his bankruptcy estate. Subsection (b) of Section 522 states as follows:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. . . .

Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under federal law, other than subsection (d) of this section, or state or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; . . .

11 U.S.C. § 522(b). Because the Mississippi Legislature elected, as authorized so to do in § 522(b)(1), to prohibit a debtor's selection of federal exemptions provided under the Bankruptcy Code in § 522(d), debtors in bankruptcy in Mississippi are allowed their exemptions pursuant to § 522(b)(2), which makes applicable the exemptions as provided under state law. Because of this election, Mississippi, along with the majority of states, is referred to as an "opt-out" state.

■ The subsection of the Mississippi exemption statute which is the subject of this proceeding allows the debtor to exempt only ERISA qualified retirement funds from seizure. Specifically, the statute provides:

(1) There shall be exempt from seizure under execution or attachment:

(b)(iii) All property and pension trusts which are qualified under the Employee Retirement Income Security Act of 1974 (ERISA) (P.L. No. 93406), including, but not limited to, self-employment retirement (Keogh) plans and individual retirement accounts (IRA). However, no contribution made to any such plan, account or trust shall be exempt if made less than one (1) calendar year from the date of filing for bankruptcy, whether voluntary or involuntary, or less than one (1) calendar year from the date of service of any writ of execution, attachment or garnishment on the person having such plan, account or trust in his possession or under his control.

Miss.Code Ann. § 85–3–1(1)(b)(iii) (Supp. 1988) (effective July 1, 1987).

In *Mackey v. Lanier Collections Agency & Service*, 486 U.S. ——, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), the United States Supreme Court held that a Georgia statute specifically exempting ERISA welfare benefit plans from garnishment was preempted under § 514(a) of ERISA.

Consequently, adhering to our precedents in this area, we hold that Ga.Code Ann. § 18–4–22.1, which singles out

ERISA employee welfare benefit plans for different treatment under state garnishment procedures, is pre-empted under § 514(a). The state statute's express reference to ERISA plans suffices to bring it within the federal law's pre-emptive reach.

*Id.* 108 S.Ct. at 2185. Section 514(a) of ERISA provides that

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

29 U.S.C. § 1144(a).

The Georgia statute involved in *Mackey* also encompassed pension benefit plans under ERISA.

The Georgia law at issue here provides, in relevant part, that:

"Funds or benefits of a pension, retirement, or employee benefit plan or program subject to the provisions of the federal Employee Retirement Income Security Act of 1974, as amended, shall not be subject to the process of garnishment ... unless such garnishment is based upon a judgment for alimony or for child support...." Ga.Code Ann. § 18–4–22.1 (1982).

108 S.Ct. at 2184, n. 2. Based on the Supreme Court's decision in *Mackey v. Lanier Collections Agency & Service, supra,* section 85–3–1(1)(b)(iii) of the Mississippi Code is preempted by federal law, and the debtor may not exempt ERISA qualified funds thereunder.

The Court rejects the argument set forth by the debtor that *In re Goff,* 706 F.2d 574 (1983) holds that there is no preemption because of a sentence in the opinion stating that: "ERISA's specific provision precluding interference with the operation of federal law renders the Bankruptcy Code effective over any ERISA provisions to the contrary." *Id.* at 587. The debtor argues that by this holding, state law, as applied

under the Bankruptcy Code, is not affected by ERISA preemption. However, in the same paragraph of the *Goff* opinion, the Fifth Circuit clearly stated that ERISA preempts state law, and then points out that it was not intended to affect the operation of other federal law. 706 F.2d at 587. The Court is of the opinion that the debtor has taken this statement out of context and that the sentence does not provide authority to allow otherwise preempted specific state statutes to become effective through the operation of a general exemption statute under the Bankruptcy Code.

In a recent decision by the Fifth Circuit Court of Appeals it was held that all state laws insofar as they relate to any employee benefit plan are preempted by ERISA. *Cefalu v. B.F. Goodrich Company,* 871 F.2d 1290 (5th Cir.1989).

Section 522(b)(2)(A) also allows a debtor to claim exemptions under federal law, other than the federal bankruptcy exemptions listed under § 522(d). ERISA requires, at 29 U.S.C. § 1056(d)(1), that each pension plan shall provide that benefits provided under the plan may not be assigned or alienated. Courts, including the *Mackey* Court, have recognized this as a bar to garnishment actions. 108 S.Ct. at 2189. However, the Fifth Circuit, in *In re Goff,* 706 F.2d 574 (1983), has specifically held that this federal exemption is not allowable as an exemption in bankruptcy under § 522(b)(2)(A). The Court stated: "We find that Congress did not intend to include ERISA-qualified plans among those "exempt under Federal law," pursuant to 11 U.S.C. § 522(b)(2)(A). *Id.* at 585.

Under the *Goff* decision, the debtor herein may not claim a federal ERISA exemption in the subject retirement funds, and since the state exemption is pre-empted under the *Mackey* and *Cefalu* decisions, the debtor may not exempt any ERISA qualified funds from his bankruptcy estate.

This conclusion was also reached in a well written opinion by the bankruptcy judge for the Northern District of Oklahoma in January of this year in *In re Brown,* 95 B.R. 216 (Bankr.N.D.Okla.1989). This decision involved facts similar to those

herein. It dealt with 12 separate Chapter 7 bankruptcy cases in which *exemptions of pension benefit plans* were objected to by the trustee. The Court reasoned as follows:

> While the Mackey decision is concerned only with ERISA qualified *welfare* benefit plans, the language is so broad and the intent so clear that it is apparent that the rule laid down applied to ERISA qualified pension benefit plans as well. In fact, § 514(a) of the ERISA code applies to any employee benefit plan whether *pension* benefits or *welfare* benefits.
>
> [1] The Oklahoma exemption statute in Tit. 31, supra, relates to and has connection with types of *pension* plans that are ERISA qualified plans and is, therefore, void as conflicting with the pre-exemption provision of ERISA.
>
> [2] The exemptions provided in Tit. 60 of the Oklahoma Statutes make a debtor's interest in a pension plan exempt from garnishment or the claims of creditors if such plan provides that the interest of the debtor cannot be alienated, encumbered or levied upon. ERISA provides unequivocally that in order for the plan to be qualified the benefits provided under the plan may not be assigned or alienated. The Internal Revenue Code also provides that in order to qualify as an ERISA trust the plan must provide that the benefits are nonalienable or nonassignable. It is clear that Tit. 60, supra, refers to and is connected with ERISA qualified pension benefit plans and are, therefore, also void because of the ERISA pre-exemption clause. In short, states cannot make the debtor's interest in these plans exempt; only Congress can do this.
>
> [3] The next issue is whether the debtor's interest in the plans are exempt under nonbankruptcy federal law.
>
> Section 522(b)(2)(A) of the Bankruptcy Code provides that even though a state has opted out of the bankruptcy code exemption scheme a debtor may still take advantage of certain nonbankruptcy code federal exemptions. The question is whether the nonassignable and nonalienable provisions of ERISA amount to a nonbankruptcy code federal exemption.
>
> This issue has been considered by many courts and the overwhelming majority including all United States Courts of Appeals that have considered the question have held that debtor's interest in qualified ERISA plans are not exempt from the debtor's estate under federal law as nonbankruptcy code federal exemptions. *See In re Graham,* 726 F.2d 1268 (8th Cir.1984); *In re Goff,* 706 F.2d 574 (5th Cir.1983); and *In re Lichstrahl,* 750 F.2d 1488 (11th Cir.1985); *In re Daniel,* 771 F.2d 1352 (9th Cir.1985). All of these cases contain a thorough analysis of the issue and this court adopts without further discussion the rationale of these decisions.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the debtors' interest in their ERISA qualified *pension* benefit plan are not exempt property and the trustee's objections to the claims of exemptions thereto are sustained.

*Id.* at 218–19.

The debtor has also argued that even if the Court determines that the state exemptions are preempted, the debtor may still exempt his interest in certain IRA and Keogh plans upon the premise that they are not covered by ERISA, and, therefore, the state exemption statute would not be preempted by ERISA as to those funds. The debtor misreads the Mississippi statute on this point.

Section 85–3–1(1)(b)(iii) of the Mississippi Code provides that there shall be exempt from seizure, "All property and pension trusts *which are qualified under the Employee Retirement Income Security Act of 1974 (ERISA)* (P.L. No. 93–406), including, but not limited to, self-employment retirement (Keogh) plans and individual retirement accounts (IRA)." (emphasis added). Under the language of this statute, there is no exemption provided for any pension fund *unless* it is qualified under ERISA. Therefore, the debtor may not claim exemptions under this section whether the pension plans are qualified under ERISA or

not, and the Court need not determine whether each fund is so qualified under ERISA.

It is interesting to note that the debtor's amended schedule B–4 on exemption, filed April 17, 1989, lists $515,511.88 in "vested, unmatured interest in ERISA qualified retirement funds." The last memorandum filed by the debtor, in which the argument that certain funds are not ERISA funds, was received by the Court on March 23, 1989. By filing the amended schedule B–4 on exemptions, and by the failure to list thereon any non-ERISA funds as exempt, the debtor has effectively abandoned his own argument.

Based on the foregoing, the Court holds that the debtor is not entitled to exempt his interests in pension benefit plans from his Chapter 7 estate. Therefore, the debtor's motion for partial summary judgment is hereby denied.

A separate judgment shall be entered pursuant to Federal Rule of Civil Procedure 58.

ORDERED.