**In re Jorge L. MARTINEZ, Debtor.**

**Bankruptcy No. 89–01424–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

Oct. 6, 1989.

Robert C. Meyer, Miami, Fla., for trustee.

Magda Abdo–Gomez, Miami, Fla., for debtor.

Gui Govaert, Miami, Fla., trustee.

## MEMORANDUM OPINION OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION OF A PENSION PLAN

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court upon the trustee's objection to the debtor's claimed exemption of a pension plan held with his employer. After considering the evidence presented and arguments of counsel, the Court finds as follows:

The Court has jurisdiction over this proceeding as a core matter under 28 U.S.C. § 157(b)(2)(B). The debtor filed for relief under Chapter 7 of the Bankruptcy Code and listed his interest in a pension plan maintained by his employer as exempt under Fla.Stat. § 222.21(2)(a) in the amount of $4,000.00. The trustee timely filed a motion objecting to the debtor's exemption claiming that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.S. § 1001, *et seq.* pre-empts Florida state law and that Fla.Stat. § 222.21(2)(a) is unconstitutional as it violates the Florida Constitution.

Exemptions under bankruptcy law are determined by reference to intertwining provisions of the bankruptcy code and state law. Section 522(b)(1) allows a state by affirmative legislative action to disallow the federal exemptions enumerated in § 522(d) and opt out which Florida has done. *See* FLA.STAT.ANN. § 222.20 (West 1989). Under Fla.Stat. § 222.20 residents of the state of Florida "shall not be entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code." Instead, Fla.Stat. § 222.21(2)(a) provides a specific exemption for pension money and retirement or profit-sharing benefits from legal claims of creditors. Specifically, Fla. Stat. § 222.21(2)(a) provides:

"(2)(a) Except as provided in paragraph (b), any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit-sharing plan that is qualified under s.401(a), s.403(a), s.408, or s.409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant."

FLA.STAT.ANN. § 222.21(2)(a) (West 1989).

The trustee has not questioned the qualified status of the employer's plan of which the debtor is a participant. The employer's profit-sharing plan is qualified for tax exempt status as indicated by the Internal Revenue letter of February, 1987, submitted into evidence. Accordingly, the Court accepts for purposes of this opinion that the plan meets the requirements to classify as an ERISA-qualified plan under Florida State law and is exempt under § 522(b)(2)(A) since Florida State law provides for that exemption under Fla.Stat. § 222.21(2)(a). *See In re McDonald,* 100 B.R. 598 (Bankr.S.D.Fla.1989); *In re Gherman,* 101 B.R. 369 (Bankr.S.D.Fla.1989).

█ The trustee first argues that Fla. Stat. § 222.21(2)(a) is unconstitutional because it is in conflict with the Florida Constitution. The Florida Constitution only grants its citizens two exemptions: (1) Homestead exemption (FLA.CONST. art. VII, § 6) and (2) Personal Property exemption of $1,000.00 (FLA.CONST. art. X, § 4). The Florida legislature, however, has enacted additional exemptions such as Fla. Stat. § 222.21(2)(a). The trustee has failed to join an indispensable party, namely the Attorney General for the State of Florida, to fully ventilate this issue. *See* 28 U.S. C.S. § 2403(b) (Law. Co-op. 1982 & Supp. 1989). Therefore, the Court will refrain from addressing the issue of the constitutionality of Fla.Stat. § 222.21(2)(a).

Secondly, the trustee argues that under the authority of the United States Supreme Court decision in *Mackey v. Lanier Collections Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), ERISA pre-empts Fla.Stat. § 222.21(2)(a).

Congress enacted the Employee Retirement Income Security Act in 1974. The ERISA Act was established in order to establish uniform procedural standards concerning reporting, vesting, disclosure requirements, fiduciary responsibilities and minimum funding standards with respect to pension plans. 29 U.S.C.S. § 1021, *et seq.* Additionally, the ERISA Act was an attempt to "... further insure that the employees accrued benefits are actually available for retirement purposes ..." without being jeopardized by improper management. H.R.Rep. No. 807, 93rd Cong, 2d Sess. 68 (1974), U.S.Code Cong. & Admin. 1974, p. 4639, *quoted in, In re Komet,* 104 B.R. 799. (W.D.Tex.1989). *See also In re Federal Deposit Ins. Corp.,* 1989 W.L. 61998, 1989 U.S. App. Lexis 8219 (10th Cir. July 13, 1989) (LEXIS, Bkrtcy library, Cases file). In order to make the ERISA Act uniform Congress included pre-emption language under § 514(a), as set forth at 29 U.S.C.S. § 1144(a) (Law. Co-op. 1982 & Supp.1989). The Supreme Court precedents have broadly interpreted § 514 of ERISA which provides that ERISA shall pre-empt any state law that "relates to" an employee benefit plan even if they are consistent with ERISA's substantive requirements. *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

Furthermore, the recent decision by the Supreme Court in *Mackey* held that a Georgia statute exempting longshoreman's vacation and holiday funds from garnishment was pre-empted by ERISA. The state law involved in the *Mackey* decision singled out ERISA employee welfare benefit plans for different treatment under the state garnishment statute and provided that they were protected from garnishment. *Mackey,* 486 U.S. at 2184, 108 S.Ct. at 2184, 100 L.Ed.2d at 843. Therefore, the United States Supreme Court affirmed the Georgia Supreme Court which had held that the Georgia state law was "in conflict with the

federal scheme, and therefore pre-empted by it." *Id.* 486 U.S. at 828, 108 S.Ct. at 2184, 100 L.Ed.2d at 843. The conflict between the Georgia statute and ERISA arose because the Georgia statute sought to protect welfare benefits from garnishment even though they are not specifically protected from garnishment under ERISA. Only pension benefits are protected provided certain requirements are met. *See* § 206(d)(1), 29 U.S.C.S. § 1056(d)(1) (Law. Co-op. 1982 & Supp.1989).

■ Several cases have followed the reasoning in *Mackey* and have held that state exemption statutes which do not refer directly to ERISA but instead make reference to those sections of the Internal Revenue Code by necessity incorporates ERISA in its substantive test for exemption qualification and, therefore, "relates to" an employee benefit plan for pre-emptive purposes. *See In re Flindall*, 105 B.R. 32 (Ariz.1989); *In re McLeod, III*, 102 B.R. 60 (Bkrtcy.S.D.Miss.1989); *In re Komet*, 93 B.R. 498 (Bankr.W.D.Tex.1988), *withdrawn, In re Komet*, 104 B.R. 799 (Bkrtcy. W.D.Tex.1989); *In re Dyke*, 99 B.R. 343 (Bankr.S.D.Tex.1989); *In re Hirsch*, 98 B.R. 1 (Bankr.D.Ariz.1988); *In re Brown*, 95 B.R. 216 (Bankr.N.D.Okla.1989). However, this Court disagrees with the above cases and instead finds Judge Kelly's analysis on preemption in *Volpe* more convincing wherein he finds that a state law reference to ERISA is insufficient to bring it within the pre-emption doctrine when it does not attempt to regulate the terms and conditions of an employee benefit plan. *In re Volpe*, 100 B.R. 840, 846–55 (Bkrtcy.W. D.Tex.1989). Therefore, absent a conflict between state law and the federal scheme of ERISA there is no need for the application of the pre-emption doctrine.

Although the Supreme Court in *Mackey* held that "any state law which singles out ERISA plans, by express reference, for special treatment is pre-empted" it also held that state-law garnishment procedures are not pre-empted by § 514(a). *Mackey*, 486 U.S. at 831, 108 S.Ct. at 2186, 100 L.Ed.2d at 845. Furthermore, unlike the state law involved in *Mackey* which sought

to impose a different result that ERISA, Fla.Stat. § 222.21(2)(a) is consistent with ERISA's purpose of protecting pension money from attachment by creditors. Several cases have held that it is the intent of ERISA to protect a participants' interests in a qualified plan from the attachment of creditors. *See Fort Halifax Packing Co. Inc. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987); *General Motors Corp. v. Buha*, 623 F.2d 455, 461–63 (6th Cir.1980); *St. Paul Fire and Marine Ins. Co. v. Cox*, 752 F.2d 550, 552 (11th Cir.1985); *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142 (2nd Cir.1989); *Federal Deposit Ins. Corp. v. Farha*, 1989 U.S.App. Lexis 8219 (10th Cir. June 13, 1989). *Franchise Tax Board v. Construction Laborers Vacation Trust*, 679 F.2d 1307 (9th Cir.1982); *Commercial Mortgage Insurance, Inc. v. Citizens National Bank*, 526 F.Supp. 510, 518 (N.D. Tex.1981); *In re Komet*, 104 B.R. 799 (W.D.Tex.1989).

Florida Statute § 222.21(2)(a) only provides its residents with an exemption for profit-sharing benefits and pension plan money, but it does not regulate, directly or indirectly any matters dealing with ERISA's plan reporting, disclosure, participation, funding, vesting, benefit calculation or trustee's fiduciary responsibilities. Fla.Stat. § 222.21(2)(a) covers an area of law traditionally governed by the states and does not interfere with the field of employee pension plans now governed by federal law.

Therefore, although ERISA may preempt those state laws which attempt to regulate pension plans or change the underlying purpose of ERISA it does not preempt Fla.Stat. § 222.21(2)(a). Instead, the Court finds that Fla.Stat. § 222.21(2)(a) complements ERISA's purpose in seeking to protect pension money from creditors and, therefore, absent a conflict between the state and federal law there is no need for pre-emption as expressed in *In re Volpe*, 100 B.R. at 847–848.

Based upon the foregoing, the Court finds that Fla.Stat. § 222.21 is not preempted by ERISA. Accordingly, the benefits accruing from the pension plan in ques-

tion may be retained by the debtor as exempt property under § 522(b)(2)(A) and Fla. Stat. § 222.21(2)(a).

ORDERED AND ADJUDGED that the trustee's objection to the debtor's claimed exemption of his pension plan is overruled.

DONE AND ORDERED.