**In re John H. & Susanne E. BRYAN, Debtors.**

**Bankruptcy No. 89–12877–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Oct. 10, 1989.

---

**750**

William M. Manker, Miami, Fla., for debtors.

Robert C. Meyer, Haley, Sinagra & Perez, P.A., Miami, Fla., for trustee.

Gui Govaert, trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIMED EXEMPTION

THOMAS C. BRITTON, Chief Judge.

The trustee's objection (CP 9) to the debtor's exemption of his ERISA qualified pension plan was heard on August 17 and September 7.

The objection is that the exemption is claimed under an unconstitutional statute. *Fla.Stat.* § 222.21 and § 222.201. I disagree. The objection is overruled and the claimed exemption is allowed.

The trustee does not dispute that the subject plan is in fact:

"a retirement or profit-sharing plan that is qualified under S.401(a), S.403(a), S.403(b), S.408, or S.409 of the Internal Revenue Code of 1986, as amended...." *Fla.Stat.* § 222.21(2)(a).

This statutory exemption applies to any proceeding filed on or after October 1, 1987. It is applicable here.

The objection raises three points: (1) pre-emption by ERISA; (2) impermissible expansion of Florida constitutional exemption; and (3) impermissible partial "opting in" to federal bankruptcy exemption.

### Pre-emption

It is undisputed that the applicable Florida Statute § 222.21(2)(a) makes reference to ERISA qualified plans, and that ERISA § 514(a) contains specific pre-emptive language over:

"any and all state laws insofar as they may now or hereafter relate to any employee benefit plans."

The trustee's argument relies on *Mackey v. Lanier Collections Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), and a bankruptcy decision, *In re Brown*, 95 B.R. 216 (Bankr.N.D. Okla.1989), which applied the *Mackey* [1] discussion of pre-emption to an Oklahoma statutory exemption.

A resolution of the issue before this court, giving due consideration to *Mackey*, does not require that the subject Florida

---

1. *Mackey* held that a Georgia antigarnishment statute is pre-empted by ERISA, which does not forbid garnishment of an ERISA welfare benefit plan.

statute be found unconstitutional. The decision of Chief Judge Kelly in *In re Volpe*, 100 B.R. 840 (Bankr.W.D.Tex.1989) sets forth an analysis of this precise issue and upholds a Texas statutory exemption for retirement accounts. The lengthy treatment given in *Volpe* to the perceived conflict between the *Mackey* decision and a state statute which provides an exemption for retirement and pension plans need not be repeated here. I find *Volpe* persuasive.[2] I adopt its well-reasoned position to reach a result that does not offend the pre-emptive language of ERISA or fail to take *Mackey* into account.

### Expansion of Constitutional Exemption

■ The trustee relies on *In re Hudspeth*, 92 B.R. 827 (Bankr.W.D.Ark.1988) and the general principle that a state legislature is not empowered to enact laws which violate the state constitution, to assert that *Fla.Stat.* § 222.21 is an impermissible expansion of the constitutional exemption for personal property. Fla. Const. art. 10, § 4. No reported decision has been cited to this court which addresses this point under Florida law with respect to statutory exemptions, although such exemptions are not a new phenomenon in this State.[3]

I agree that the Florida legislature should not be permitted to enact laws which violate the Florida Constitution. However, I am not convinced that the exemption statute at issue here is such a

violation.[4] I find no merit in the trustee's argument on this point.

*Hudspeth* held that an Arkansas statute allowing a debtor to claim the cash surrender value of insurance policies as exempt violated the limitation found in Ark. Const. art. 9, § 2.[5] *Id.* at 829. *Hudspeth* is not binding on this court. I find the decision neither convincing nor applicable here by analogy as argued by the trustee.

### Partial "Opting In"

■ The trustee's final argument addresses *Fla.Stat.* § 222.201, which states, in part, that the debtor:

"may exempt, in addition to any other exemptions allowed under state law, any property listed in subsection (d)(10) of § 522 of [the bankruptcy] act."

The trustee offers no support for his position "that the State only has a choice of either opting out or fully opting for the federal exemptions." (CP 27 at 2).

The option permitted under 11 U.S.C. § 522(b)(1) and (2) for a state to restrict its citizens to exemptions under a state statutory scheme ["opting out"] is not inconsistent with incorporation of a federal exemption into the state exemption legislation. The trustee's argument, a mere unsupported assertion that "the state legislature does not have a choice of partially opting in" (CP 27 at 2), has no merit. I find that the validly exercised power of the legisla-

---

**2.** The trustee's memorandum (CP 27) makes reference to this court's comment at the September 5 hearing that the case relied upon by the trustee in oral argument, *In re Dyke*, 99 B.R. 343 (Bankr.S.D.Tex.1989), had been withdrawn. The comment inadvertently referred to *Dyke*, when in fact, the decision which was withdrawn was *In re Komet*, 93 B.R. 498 (Bankr.W.D.Tex. 1988). On rehearing, the court in *Komet* allowed the debtors to retain their exemption on alternate grounds under 11 U.S.C. § 522(b)(2)(A), finding the plans exempt under the anti-alienation provisions of ERISA. 104 B.R. 799 (Bankr.W.D.Tex.1989).

**3.** I have not overlooked *Matter of Wilson*, 694 F.2d 236 (11th Cir.1982) at n. 1, cited by the trustee. That footnote discusses the available exemptions under the Florida Constitution, as no statutory exemption was applicable under

the facts. It is not, therefore, authority for a rejection of all statutory exemptions in Florida.

**4.** Quite obviously, the trustee recognizes that: "an act of the legislature is presumed to be constitutional and will be held unconstitutional only where there is clear incompatibility between the act and the constitution." (CP 10 at 6).

**5.** Ark. Const. art. 9, § 2, provides: "The personal property of any resident of this State who is married or the head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of five hundred dollars in addition to his or her wearing apparel, and that of his or her family, shall be exempt from seizure on attachment, or sale on execution, or other process from any court on debt by contract.

ture in adopting *Fla.Stat.* § 222.201 does not violate the law.

### Conclusion

For the foregoing reasons, the trustee's objection to the debtor's exemption of an ERISA qualified pension plan is overruled.

DONE and ORDERED.