**In re Charles Michael SEILKOP, Debtor.**

**Bankruptcy No. 89–00067–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Nov. 14, 1989.

Robert C. Meyer, Miami, Fla., for trustee.

Edward Bergholm, Jr., Miami, Fla., for debtor.

Gui Govaert, Miami, Fla., Trustee.

## MEMORANDUM OPINION OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION OF A PENSION PLAN AND ANNUITY

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court upon the trustee's objection to the debtor's claimed exemption of an annuity contract and a pension plan. After considering the evidence presented and arguments of counsel, the Court finds as follows:

The Court has jurisdiction over this proceeding as a core matter under 28 U.S.C. § 157(b)(2)(B). The debtor filed for relief under Chapter 7 of the Bankruptcy Code and listed as exempt an annuity contract under Fla.Stat. § 222.14 and a pension plan under Fla.Stat. § 222.21(2)(a). The trustee argues that both Florida Statute § 222.14 and § 222.21(2)(a) are unconstitutional because they create exemptions beyond those granted under the Florida Constitution. Furthermore, the trustee argues that Fla. Stat. § 222.21(2)(a) is pre-empted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.S. § 1001, *et seq.*

Upon the filing of a bankruptcy case an estate is created and all of the debtor's property as defined under 11 U.S.C. § 541 becomes property of the estate. However, a debtor may exempt property from becoming part of the bankruptcy estate by claiming certain exemptions as allowed under 11 U.S.C. § 522(b). Florida has opted out of the federal exemptions and, therefore, under Fla.Stat. § 222.20 residents of the state of Florida "shall not be entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code." Instead, Florida residents are entitled to claim as exempt property annuity contracts and pension money from legal claims of creditors. Specifically, Fla.Stat. § 222.14 provides:

"... the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor.

FLA.STAT.ANN. § 222.14 (West 1989).

The Court finds that the debtor is entitled to claim as exempt the proceeds of his annuity contract. The trustee has failed to

cite any case which would support denial of the debtor's exemption of his annuity benefits. As stated in *Killian v. Lawson,* 387 So.2d 960 (Fla.1980), "exemption statutes ... should be liberally construed in favor of a debtor so that he and his family will not become public charges." *Id.* at 962. Therefore, the Court will allow exemption of the debtor's annuity benefits. *See In re Benedict,* 88 B.R. 390, 392 (Bankr.M.D.Fla. 1988); *In re Mart,* 88 B.R. 436 (Bankr.S.D. Fla.1988).

■ Secondly, the trustee argues that both Fla.Stat. § 222.14 and § 222.21(2)(a) are unconstitutional because they infringe upon the exclusive jurisdiction of the federal legislature and are beyond those exemptions granted under the Florida Constitution relying on *In re Hudspeth,* 92 B.R. 827 (Bankr.W.D.Ark.1988). *See also* FLA. CONST. art. VII, § 6 and FLA. CONST. art. X, § 4. However, the Court has reviewed the case cited by the trustee and is not persuaded that Fla.Stat. § 222.14 and § 222.21(2)(a) are unconstitutional.

■ Additionally, the trustee argues that ERISA pre-empts Fla.Stat. § 222.21(2)(a) and relies on the United States Supreme Court opinion *Mackey v. Lanier Collections Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). The *Mackey* case and the progeny of cases that followed have held that ERISA will pre-empt "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan which qualifies under the statute." 29 U.S.C.A. § 1144(a). *See In re Weeks,* 106 B.R. 257 (E.D.Okla.1989); *In re Gaines,* 106 B.R. 1008 (W.D.Mo.1989); *In re Flindall,* 105 B.R. 32 (Ariz.1989); *In re McLeod, III,* 102 B.R. 60 (Bankr.S.D.Miss. 1989); *In re Komet,* 104 B.R. 799 (W.D. Tex.1989); *In re Dyke,* 99 B.R. 343 (Bankr. S.D.Tex.1989); *In re Hirsch,* 98 B.R. 1 (Bankr.D.Ariz.1988); *In re Brown,* 95 B.R. 216 (Bankr.N.D.Okla.1989).

The trustee has not questioned the qualified status of the employer's plan of which the debtor is a participant. Therefore, the Court accepts for purposes of this opinion that the plan meets the requirements to classify as an ERISA-qualified plan under Florida state law and is exempt under § 522(b)(2)(A) since Florida state law provides for that exemption under Fla.Stat. § 222.21(2)(a). *See In re McDonald,* 100 B.R. 598 (Bankr.S.D.Fla.1989); *In re Gherman,* 101 B.R. 369 (Bankr.S.D.Fla.1989).

Furthermore, although several cases have followed the *Mackey* decision this Court finds that Fla.Stat. § 222.21 is not pre-empted by ERISA and follows its reasoning in *In re Martinez,* 107 B.R. 378 (Bankr.S.D.Fla.1989). *See also In re Bryan,* 106 B.R. 749 (Bankr.S.D.Fla.1989); *In re Volpe,* 100 B.R. 840 (Bankr.W.D.Tex. 1989). Accordingly, the benefits accruing from the annuity contract and pension plan in question may be retained by the debtor as exempt property under § 522(b)(2)(A) and Fla.Stat. § 222.14 and § 222.21(2)(a).

ORDERED AND ADJUDGED that the trustee's objection to the debtor's claimed exemption of his annuity contract and pension plan are overruled.

DONE AND ORDERED.