## In re Kenneth WILLIAMS and Cynthia Williams, Debtors.

### Bankruptcy No. 89–04812.

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

July 11, 1990.

J. Paul Fitzgerald, Milton, Fla., for debtors.

John E. Venn, Jr., Gulf Breeze, Fla., Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO EXEMPTIONS

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter is before the Court on the Trustee's objection to the Debtors' claim of exemption concerning funds held in a retirement plan. The Debtors claimed as exempt under Section 222.21, Fla.Stat., funds held in a retirement plan with the Hobart Corporation, Kenneth Williams' employer. The Trustee argues the state statute relied on by the Debtors for their exemption is pre-empted by the Employee Retirement Income Security Act (ERISA) of 1974, Section 514(a), 29 U.S.C.A. § 1144(a), and the retirement funds are part of the bankruptcy estate. The Court conducted a hearing on the Trustee's objection on May 24, 1990. For the reasons set forth below, the Trustee's objection is denied.

The underlying facts are not in dispute. The Debtors filed their petition under

Chapter 7 on October 5, 1989, claiming as exempt from the bankruptcy estate funds held in the Hobart Corporation Thrift Plan ("The Plan"). The Plan allows an employee to voluntarily contribute up to fourteen percent of his salary to the plan, which the company matches. Two accounts are maintained for each employee, an account containing the employee's contributions and an account containing the company's contributions. A plan participant has the right to direct how his voluntary contribution is invested.[1] As of the date of filing, the Debtors' contributions totaled $6,986.52.[2]

The Debtor can receive the benefits from the Plan upon retirement, death or upon reaching age sixty-five. The Plan also provides the Debtor can withdraw his voluntary contributions in the case of financial hardship[3] or can receive lump sum payment of his interest in the Plan upon termination of his employment.[4]

The Debtors argue the funds held in the Plan are exempt from the bankruptcy estate under Section 541(c)(2) of the Bankruptcy Code, or under Fla.Stat. § 222.21. The Trustee argues neither exemption is applicable.

When a bankruptcy petition is filed, Section 541 of the Bankruptcy Code renders all property in which the debtor has a legal or equitable interest at the time the bankruptcy petition is filed property of the estate.[5] Section 541(c)(2) excludes from the bankruptcy estate any beneficial interest of the debtor in a spendthrift trust enforceable under "applicable nonbankruptcy law". The Bankruptcy Code allows a debtor to exempt certain property from the bankruptcy estate to preserve it from being liquidated by the trustee and to shield it

from his creditors. A state may elect, under Section 522(d) of the Bankruptcy Code, to have either the federal exemptions applied within its boundaries, or under Section 522(b)(1) to utilize state-created exemptions. Florida, by Section 222.20, Fla. Stats., entitled "Nonavailability of federal bankruptcy exemptions", has limited Florida residents to the exemptions provided by the state constitution and the state statutes.

■■■ The Debtors' argument that plan funds are excluded as a spendthrift trust has superficial appeal, but is insubstantial under closer examination. Bankruptcy Code Section 541(c)(2), excludes from the estate a beneficial interest of the debtor in a spendthrift trust enforceable under applicable nonbankruptcy law. As explained by the Eleventh Circuit, in *In re Lichstrahl*, 750 F.2d 1488, 1490 (11th Cir.1985),

> "applicable nonbankruptcy law" refers only to state spendthrift trust law. Therefore, ERISA-qualifying pension plans containing anti-alienation provisions are excluded pursuant to section 541(c)(2) only if they are enforceable under state law as spendthrift trusts.

Under Florida law, a spendthrift trust is described as those trusts:

> that are created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self-protection. The provisions against alienation of the trust fund by the voluntary act of the beneficiary, or invitum by his creditors, are the usual incidents of such trusts.

---

1. Funds can be invested in either the Equity Fund or Guaranteed Interest Fund. Paragraph 6.7 of the Plan.

2. The Trustee claims no interest in the employer's portion of the retirement contributions.

3. Financial hardship includes the death or disability of a spouse, a major medical expense, educational expenses for a child beyond secondary school level, the purchase of a primary residence, or "such other unusual or unexpected expenses as may constitute hardship or necessity...." Paragraph 7.2 of the Plan. Applica-

tions to withdraw funds are reviewed by the management committee for employee benefits.

4. The trustee has not questioned the qualified status of the employer's pension plan. Therefore, the Court accepts, for the purposes of this opinion, the plan as ERISA-qualified.

5. Section 541(a)(1) provides "[e]xcept as provided in subsections (b) and (c)(2) of this section, all legal or equitable interest of the debtor in property as of the commencement of the case are properties of the estate."

*Id.*, at 1490, citing to *Croom v. Ocala Plumbing & Electric Co.*, 62 Fla. 460, 465, 57 So. 243 (1911). The purpose of a spendthrift trust is to protect the beneficiary of the trust from himself and his creditors. Where the beneficiary exercises control over the retirement plan—as in having the right to direct the investment of the funds or the ability to withdraw his contributions in hardship circumstances—the plan will no longer qualify as a spendthrift trust under state law, and any interest held by the debtor will become part of the bankruptcy estate. *In re Bryant*, 106 B.R. 727, 729 (M.D.Fla.1989).

■■ Another element in the determination of the spendthrift trust is that a settlor cannot create a spendthrift trust for his own benefit. IIA, Scott, *The Law of Trusts*, Section 156 at 155; Sestatement (Second) of Trusts Section 156 (1959). Even a plan established by the employer but funded by voluntary contributions from the employee is self-settled. *In re Kincaid*, 96 B.R. 1014, 1019 (9th Cir. BAP 1989).

> In light of the strong common law prohibition against self-settled spendthrift trusts, courts have overwhelmingly held that a debtor's *voluntary* contributions to a plan or trust are property of the estate.

*Id.*, at 1019 (emphasis in original). The pension plan in this case fails to meet the requirements for a spendthrift trust under state law is not exempt under Section 541(c)(2).

■■ The Debtors rely on a state created-exemption found in Section 222.21, Fla. Stat., entitled "Exemption of pension money and retirement or profit-sharing benefits from legal processes." This section provides, in pertinent part,

> (2)(a) Except as provided in Paragraph (b) any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in a retirement or profit-sharing plan that is qualified under Sec. 401(a), Sec. 403(a), Sec. 403(b), Sec. 408, or Sec. 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or the participant.

Prior to the enactment of this statute there was no statutory provision exempting pension money and retirement or profit-sharing benefits from the legal claims of creditors. Since the Plan in this case is an ERISA retirement plan, as specified by the Fla.Stat. § 222.21, the Debtors claim it is exempt from the bankruptcy estate.

The Trustee, relying on the Supreme Court case of *Mackey v. Lanier Collections Agency and Service, Inc.*, 486 U.S. 825, 843, 108 S.Ct. 2182, 2192, 100 L.Ed.2d 836 (1988) argues the exemption created by Fla.Stat. § 222.21 is not available to the Debtors in light of the preemption language contained in ERISA. The *Mackey* case concerned a state statute exempting employee welfare benefit plans from garnishment[6]. As stated in *Mackey:*

> ERISA Section 514(a) preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. Section 1144(a). We believe that under our precedents, G.CodeAnn. Section 18–4–22.1 is such a state law.

> The Georgia statute at issue here expressly refers to—indeed, solely applies to—ERISA employee benefit plans. See n. 2, *supra*. "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983) (emphasis added). On several occasions since our decision in *Shaw*, we have reaffirmed this rule, concluding the state laws which make "reference to" ERISA plans are laws that "relate to" those plans within the meaning of Section 514(a). See, e.g., *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, [47], 107 S.Ct. 1549 [1553], 95 L.Ed.2d 39 (1987); *Metro-*

---

**6.** Employee welfare benefit plans provide, among other things, medical, surgical or hospital care benefits, vacation benefits, apprenticeship or other training programs, or day day care centers, scholarship funds or pre-paid legal service benefits. 29 U.S.C. Section 1002.

politan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). In fact, we have virtually taken it for granted that state laws which are "specifically designed to affect employee benefit plans" are preempted under Section 514(a). Cf. Pilot Life Ins. Co. v. Dedeaux, supra, 481 U.S. at [48], 107 S.Ct. at [1553]; Shaw v. Delta Air Lines, Inc., supra, 463 U.S. at 98, 103 S.Ct. at 2900.

108 S.Ct. at 2185. Further, the Mackey court stated that legislative good intentions do not save a state law within the broad preemptive scope of Section 514(a). The United States Supreme Court affirmed the Georgia Supreme Court in finding the state law was preempted by ERISA.[7]

Although Mackey was not a bankruptcy case, numerous bankruptcy courts have followed this analysis and concluded that state statutes providing an exemption for ERISA pension plans, such as Fla.Stat. § 222.21, are preempted. In re Bryant, 106 B.R. 727 (Bkrtcy.M.D.Fla.1989); In re Sheppard, 106 B.R. 724 (Bkrtcy.M.D.Fla. 1989); In re Dyke, 99 B.R. 343 (Bkrtcy.S.D. Tex.1989); In re Brown, 95 B.R. 216 (Bkrtcy.N.D.Okla.1989); In re Flindall, 105 B.R. 32 (Bkrtcy.D.Ariz.1989); In re McLeod, 102 B.R. 60 (Bkrtcy.S.D.Miss. 1989); In re Weeks, 106 B.R. 257 (Bkrtcy. E.D.Okla.1989); In re Schlein, 114 B.R. 780 (M.D.Fla.1990) (Proctor, J.).

Several recent bankruptcy court decisions have addressed the issue whether a state exemption statute which does not directly refer to ERISA, but instead refers to those sections of the Internal Revenue Code that qualify an ERISA covered plan for tax benefits nevertheless "relates to" an employee benefit plan for preemptive purposes. In re Volpe, 100 B.R. 840 (Bkrtcy.W.D.Tex.1989); In re Bryan, 106 B.R. 749 (Bkrtcy.S.D.Fla.1989); In re Martinez, 107 B.R. 378 (Bkrtcy.S.D.Fla.1989); and In re Seilkop, 107 B.R. 776 (Bkrtcy.S. D.Fla.1989). In Volpe, the court considered a Texas state statute creating an exemption for ERISA-qualified pension plans. Judge Kelly in Volpe, analyzed the Supreme Court's ruling in Mackey, in determining preemption is limited to situations where a state provision which makes reference to ERISA plans is in conflict with Congress' intent to establish uniform procedural standards concerning reporting, disclosure and fiduciary responsibility for pension and welfare plans. Volpe, supra, 100 B.R. 846–55. The Florida Southern District Bankruptcy Courts rely on Judge Kelly's analysis on preemption in Volpe, supra, in finding

> ... a state law reference to ERISA is not sufficient to bring it within the pre-emption doctrine when it does not attempt to regulate the terms and conditions of an employee benefit plan.

\*    \*    \*    \*    \*    \*

Therefore, absent a conflict between state law and the federal scheme of ERISA there is not need for the application of the pre-emption doctrine.

In re Martinez, supra, 107 B.R. at 380. This Court agrees with the reasoning in the above cases in concluding that Fla.Stat. § 222.21 is not in conflict with ERISA and therefore, is not preempted. Accordingly, it is

ORDERED that the Trustee's objection to exemption is denied. The Debtors' contributions to the Hobart Thrift Plan are exempt from the bankruptcy estate.

DONE AND ORDERED.

---

**7.** The state statute protected employee welfare benefits from garnishment while ERISA only protects qualified employee pension benefits from assignment or alienation. See, 29 U.S.C. Section 1056(d)(1).