**In re Ruben GURVICH, Debtor.**

**Bankruptcy No. 90–12037–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Nov. 1, 1990.

Robert L. Roth, Miami, Fla., for debtor.

Steven Friedman, Miami, Fla., for trustee.

Bruce I. Yegelwel, Coral Gables, Fla., for Objecting Creditor.

Samuel R. Neel, III, Panza, Mauer, et al., Larry L. Carnes, Tallahassee, Fla., for objecting creditor.

Lynn Gelman, Asst. U.S. Trustee, Miami, Fla.

MEMORANDUM DECISION FINDINGS OF FACT AND CONCLUSIONS OF LAW OVERRULING OBJECTIONS TO EXEMPTIONS

A. JAY CRISTOL, Bankruptcy Judge.

## I. BACKGROUND

This matter came before the Court for hearing on September 25, 1990, on objections to a claimed exemption. The Court received various evidence, heard the argument of counsel for the Debtor, counsel for Steven Friedman, the Trustee, and counsel for the Florida Patient's Compensation Fund, an objecting creditor and thereafter studied the memorandum of law submitted by the debtor.

The central facts of this matter are not in dispute. The Debtor filed this voluntary petition under Chapter 7 of the Bankruptcy Code on March 29, 1990. Among the personal property assets listed in the Debtor's schedules was the Steiner, Munach, Gurvich & Capati, P.A., M.D. Money Purchase Pension Plan ("the Pension Plan"), in which the Debtor asserted an interest in the amount of $567,310.94. The Debtor listed this interest in his Section B–4 Schedule,

claiming an exemption under Florida law, *Fla.Stat.* Section 222.21 (F.S. Section 222.-21), as well as various applicable federal and Florida case law.

On August 7, 1990, following the entry of numerous orders extending the time during which interested parties could file objections to the Debtor's claimed exemptions, the Florida Patient's Compensation Fund filed its Objection to the Debtor's Exemptions on the grounds that 1) the exempt status of the pension plan is preempted by the Employee Retirement Income Security Act ("ERISA") of 1974; 2) the funds held in the Pension Plan are not held in a spendthrift trust; and 3) the Florida Constitution makes no provision for exempting an interest in a pension plan.

On August 9, 1990, the Trustee filed his Objection to the Debtor's Claimed Exemption on the grounds that 1) F.S. Section 222.21 was preempted by ERISA; 2) the Pension Plan does not constitute a spendthrift trust; and 3) funds placed into the Pension Plan prior to October 1, 1987 are not exempt pursuant to F.S. Section 222.21, as the said statute did not become effective until October 1, 1987.

The unrebutted testimony and documentary evidence presented by the Debtor at the hearing demonstrated that the Pension Plan was qualified, having met the necessary qualifications under Section 401(a) of the Internal Revenue Code of 1986, as amended, within the meaning of Florida Statute Section 222.21. The Court allowed the trustee and creditor additional time after trial to conduct discovery and produce contrary evidence in this regard. Both declined to do so and submitted no further evidence to rebut the said qualification of the Pension Plan.

## II. ISSUES

A. Does F.S. Section 222.21 "relate" to ERISA so that it is preempted in whole or in part?

B. Are the funds contained in the Pension Plan exempt pursuant to F.S. Section 222.21?

## III. DISCUSSION

A. The Trustee and the objecting creditor base their primary objection to the Debtor's claimed exemption on the argument that Florida Statute Section 222.21, the statute upon which the Debtor relies to exempt the Pension Plan, is preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. Section 1144(a). Although not specifically cited, presumably, the Trustee and the said creditor rely upon the case of *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), and its progeny.

The Supreme Court in *Mackey* held that a Georgia statute exempting longshoreman's vacation and holiday funds from garnishment was preempted by ERISA, on the grounds that "ERISA Section 514(a) preempts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered by the statute." *Mackey*, 108 S.Ct. 2182 at 2185. Indeed, "state laws which make 'reference to' ERISA plans are laws that 'relate to' those plans within the meaning of Section 514(a)." *Id.*

The objecting parties in this matter presumably rely on this section of the *Mackey* ruling to argue that ERISA preempts F.S. Section 222.21 on the grounds that the said Florida Statute arguably makes reference to ERISA because the statute contains the language necessary to include ERISA qualified plans among those which F.S. Section 222.21 purports to exempt. However, the Florida Statute contains no such language on ERISA.

Several cases have followed this reasoning and have held that state exemption statutes, which do not refer directly to ERISA but instead make reference to those provisions of the Internal Revenue Code which are, by necessity, incorporated into the said statutes in order to exempt ERISA-qualified plans, "relate to" ERISA for pre-emptive purposes. *See In re Flindall*, 105 B.R. 32 (Bkrtcy.D.Ariz.1989); *In re McLeod, III*, 102 B.R. 60 (Bkrtcy. S.D.Miss.1989); *In re Komet*, 93 B.R. 498 (Bkrtcy.W.D.Tex.1988), *withdrawn, In re*

*Komet,* 104 B.R. 799 (Bkrtcy.W.D.Tex. 1989); *In re Dyke,* 99 B.R. 343 (Bkrtcy. S.D.Tex.1989); *In re Hirsch,* 98 B.R. 1 (Bkrtcy.D.Ariz.1988); *In re Brown,* 95 B.R. 216 (Bkrtcy.N.D.Okla.1989).

■ This Court disagrees with the above cases and instead finds Chief Judge Larry E. Kelly's analysis on pre-emption in *In re Volpe,* 100 B.R. 840 (Bkrtcy.W.D.Tex.1989), more convincing. In *Volpe,* Judge Kelly finds that mere reference by a state law to ERISA is insufficient to bring the state law within the preemption doctrine when the said law does not purport to regulate the terms and conditions of an employee benefit plan. *Volpe,* 100 B.R. 840, at pp. 846–855, declining to follow *Mackey,* op. cit.

The Florida Statute in question in the instant matter—F.S. Section 222.21—does not regulate or refer, directly or indirectly, to ERISA or any matters pertaining to ERISA or its requirements regarding plan reporting, disclosure, participation, funding, vesting, benefit calculation, or trustee's fiduciary responsibilities. *Fla.Stat.* Section 222.21 covers an area of law traditionally under state, rather than federal auspices, and therefore does not interfere with the field of employee pension plans now governed by federal law. In ruling that ERISA does not pre-empt F.S. Section 222.21, this Court follows similar decisions entered in this district. *See In re Wines,* 113 B.R. 787 (Bkrtcy.S.D.Fla.1990); *In re Seilkop,* 107 B.R. 776 (Bkrtcy.S.D.Fla. 1989); *In re Bryan,* 106 B.R. 749 (Bkrtcy S.D.Fla.1989); *In re Martinez,* 107 B.R. 378 (Bkrtcy.S.D.Fla.1989).

■ Therefore, having found that ERISA does not pre-empt F.S. Section 222.-21, this Court finds that the Steiner, Munach, Gurvich & Capati, M.D., P.A. Money Purchase Pension Plan is exempt pursuant to *Fla.Stat.* Section 222.21; consequently, there is no need to address whether the Pension Plan is a spendthrift trust under Florida law. Additionally, the objecting parties did not argue or present evidence on the constitutionality of F.S. Section 222.21 and, therefore, are deemed to have abandoned that argument. Accordingly,

no decision is necessary with respect thereto.

■ B. The Trustee has also objected to the exemption of any funds paid into the Pension Plan prior to October 1, 1987, on the grounds that such funds are not exempt pursuant to Florida Statute Section 222.21(2), in that said funds, representing pension or profit-sharing contributions, were not exempt under Florida or Federal statutory provisions prior to October 1, 1987, the effective date of Florida Statute Section 222.21(2).

A careful reading of F.S. Section 222.21 reveals, however, that the said statute applies to any proceeding that is *filed* on or after October 1, 1987. *See Fla.Stat.* Section 222.21(2)(c). Therefore, although funds were contributed by the Debtor to the Pension Plan prior to October 1, 1987, these funds are exempt pursuant to F.S. Section 222.21, in accordance with this proceeding being filed on March 29, 1990, well after the said statute became effective.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that *Fla.Stat.* Section 222.21 is not pre-empted by ERISA. Accordingly, the benefits accruing from the pension plan in question may be retained by the Debtor as exempt property under 11 U.S.C. Section 522(b)(2)(A) and *Fla.Stat.* Section 222.-21(2)(a). It is thereupon

ORDERED AND ADJUDGED that the Trustee's and the objecting creditor's objections to the Debtor's claimed exemption of his pension plan are overruled.

The Court reserves jurisdiction to consider the various motions for fees, costs and sanctions made by the Debtor in this proceeding, upon appropriate notice and hearing.

DONE AND ORDERED.