In re Charles Walter GAUNTT and Sandra Keeble Gauntt, Debtors.

In re James Powell BURKE and Schlia Delois Hines Burke, Debtors.

In re Lane O. MARCEAUX and Cynthia Pousson Marceaux, Debtors.

Bankruptcy Nos. 483–00071–LO, 483–00015–LO and 483–00829–LO.

United States Bankruptcy Court, W.D. Louisiana.

Jan. 20, 1984.

H. Kent Aguillard, Young & Burson, Eunice, La., for debtors.

Robert P. Brenham, trustee, pro se.

## OPINION

RODNEY BERNARD, Jr., Bankruptcy Judge.

This matter presents three (3) consolidated cases having common issues of law and fact. Objections to claimed exemptions have prompted the debtors in these Chapter 7 cases to challenge the validity of the "opt-out" provision to the Louisiana exemptions statute [1] under the Constitution of the United States.

It is alleged that the Louisiana law violates the Supremacy Clause of Article VI by frustrating the federal fresh start policy of bankruptcy law.

In the Gauntt case, the debtors claimed as exempt property their 1982 income tax refund and their utility deposits. The trustee objected to the claimed exemptions and the debtors requested a hearing on the same. The Gauntts are non-homeowners.

In the Burke case, the debtors claimed as exempt property their 1982 income tax refunds. As in Gauntt, the trustee objected to the claim and the debtors requested a hearing. The Burkes are non-homeowners.

In the Marceaux case, the debtors likewise claimed as exempt their 1982 income tax refunds. Again, the trustee objected. A hearing was requested by the debtors.

The Marceauxs are homeowners lacking equity in their property.

A hearing was not held in any of these cases as the attorney for the debtors and the trustee agreed to submit the entire matter on briefs. It has been established as fact that two (2) of the debtors in this proceeding are non-homeowners. The third debtor, although a homeowner, is without equity in the property. Thus, the third debtor's situation is ultimately identical to the other debtors herein.

■ The debtors seek to establish a "wild card" exemption pursuant to 11 U.S.C. § 522(d), in order to exempt their income tax refunds and utility deposits. It is not disputed that the income tax refunds and utility deposits are assets of the estate, and constitute property of the estate according to 11 U.S.C. § 541. Section 541 of the Bankruptcy Act dictates that, upon commencement of an action in bankruptcy, all property of the debtor becomes property of the bankruptcy estate. 11 U.S.C. § 541. However, once the property becomes part of the estate, the debtor then is allowed to exempt certain property. See, *Matter of McManus,* 681 F.2d 353, 354 (5th Cir.1982).

■ Section 522(b) of the Bankruptcy Act provides the individual states with a choice of allowing their debtors one of two methods of exempting property from the bankruptcy estate.[2] First, depending upon state law, a debtor may be entitled to utilize the federal "laundry list" exemptions specified in Section 522(d).[3] Use of the

1. The exemptions available under Louisiana law are found in LSA–R.S. 13:3881 and LSA–R.S. 20:1.

2. Section 522(b) states in full:
   (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
   (1) property that is specified under subsection (d) of this section, unless the state law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or in the alternative,
   (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or state or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and
   (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

3. The federal laundry list expressed in 11 U.S.C. § 522(d) lists eleven separate types of property that may be exempted.

federal laundry list[4] is precluded, however, if "the state law that is applicable to the debtor ... specifically does not ... authorize" its use.[5] In those instances in which state law precludes use of the federal laundry list, a debtor may exempt from property of the bankruptcy estate any property that is legally exempt under either (1) federal law other than the previously described laundry list or (2) applicable state or local law. Matter of *McManus, id.* at 355.

■ Louisiana is the applicable state in the cases sub judice, and the state of Louisiana precludes a debtor's use of the federal laundry list by expressly not authorizing its use. La.R.S. 13:3881 B states:

> "In cases instituted under the provisions of Title 11 of the United States Code, entitled 'Bankruptcy', there shall be exempt from the property of the estate of an individual debtor only that property and income which is exempt under the laws of the state of Louisiana and under federal laws *other than subsection (d) of Section 522 of said Title 11 of the United States Code.*" (emphasis added).

By enacting section 13:3881 B, Louisiana, pursuant to its federal authority to do so, has "opted out" of the opportunity to allow its debtors to use the federal laundry list of exemptions contained in 11 U.S.C. § 522(d). The only property a Louisiana debtor is entitled to exempt from the bankruptcy estate is property exempt under federal law other than the laundry list and property exempt under Louisiana state law.

■ A reading of the Louisiana exemption statutes indicates that neither of the two items claimed to be exempt by the debtors in the cases herein are listed as exempt property. Accordingly, income tax refunds and utility deposits are not exempted from property of the bankruptcy estate.

The debtors argue that the Louisiana exemption statutes are discriminatory. The Louisiana statutes do not permit the homestead exemption to be claimed in *any* property, but instead limit the homestead exemption to real property. They argue that it discriminates against persons who do not own real estate, thus violating the federal policy behind Section 522(d)(5) to provide equal treatment to owners and nonowners of real property. The Louisiana exemption statutes may or may not be good policy, as a matter of state law. That question, however, is for the Louisiana legislature to resolve.

■ The Louisiana "opt-out" provision is expressly authorized by Section 522(b)(1), under which states may preempt Section 522(d). Nothing in the Bankruptcy Reform Act of 1978 requires states which preempt the use of federal exemptions to provide exemptions comparable to, concomitant with, or corresponding to the exemptions found in Section 522(d), either in category or amount. If Congress had intended to require states to provide exemptions concomitant with those found in Section 522(d), it would have been easy to say so. Nothing was said. Although Congress adopted a non-discrimination policy in Section 522(d), it permitted the states to preempt Section 522(d).

■ Whether Section 522(b)(1) was a good idea, as a matter of federal law, is for Congress to decide. Absent constitutional defects in a statute, judges "cannot override the specific policy judgments made by Congress in enacting ... statutory provisions." *U.S. v. Sotelo,* 436 U.S. 268, 279, 98 S.Ct. 1795, 1802, 56 L.Ed.2d 275 (1978). It is the court's duty to enforce the statute as written.

■ At present, three circuits have upheld the constitutionality of Section 522(b)(1) and have expressed that Congress specifically authorized the states to preempt Section 522(d), thus, not violating the Supremacy Clause of Article VI of the United

---

4. The attorney for the debtors in the cases herein refers to the laundry list exemptions as the "wild card" exemptions. The terms are interchangeable, at least, for the purposes of this opinion.

5. "The state law that is applicable to the debtor" is set out in subsection (2)(A) of § 522(b).

States Constitution. Cf. *Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.1983); *Matter of McManus,* 681 F.2d 353 (5th Cir.1982); and *Matter of Sullivan,* 680 F.2d 1131 (7th Cir. 1982).

For the above and foregoing reasons the trustee's objections to the claimed exemptions in these cases are sustained. Judgment will be signed accordingly.