In the Matter of Warren J. ARCEMENT and Nancy D. Arcement, Debtors.

Bankruptcy No. 89–00987–K.

United States Bankruptcy Court, E.D. Louisiana.

Dec. 20, 1991.

**426**

Merrill T. Landwehr, Landwehr & Hof, New Orleans, La., for debtors.

Patrick D. Devine, Adams & Reese, New Orleans, La., for ITT.

### MEMORANDUM OPINION

THOMAS H. KINGSMILL, Jr., Bankruptcy Judge.

This matter came before the Court on an Objection to Exemption filed on August 6, 1990, by ITT Commercial Finance Corporation (hereinafter "ITT Commercial"), Creditor. A hearing on this matter was held on September 9, 1990, at which time the Court heard statements of counsel. Upon consideration of these statements, the memoranda submitted, the record in the case, and the applicable law, this court finds that the Creditor's Objection to Exemptions should be denied for the reasons hereinafter stated.

On March 17, 1989, Warren J. Arcement and Nancy D. Arcement (hereinafter referred to collectively as "the Arcements") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Listed as an exemption on Schedule B–4 of their Statement of Financial Affairs were their interest in a profit sharing plan and individual retirement accounts ("IRA"). The Arcements claim that their interest in these retirement accounts are exempt from seizure and liquidation under Louisiana Revised Statute 20:33 (hereinafter LSA–R.S. 20:33) and 11 U.S.C. § 522(b)(2)(A). On May 18, 1989, ITT Commercial filed an Objection to the Arcements' claimed exemption of the profit sharing plan and IRA.

On September 12, 1990, ITT Commercial and the Arcements filed ·a Stipulation of Uncontested Material Facts addressing the terms and contributions to the profit sharing plan and IRA. In the statement, it was Stipulated that Warren J. Arcement, C.P.A., A Professional Corporation, established a Defined Contribution Deferred Profit Sharing Plan effective July 1, 1970. This Plan was qualified under 26 U.S.C. § 401. The plan was subsequently restated on July 1, 1984 and again on July 1, 1989. Contributions to the plan were first made for the fiscal year ending June 30, 1980. In 1976, Warren J. Arcement opened an IRA within the provisions of 26 U.S.C. § 408. Contributions were made for all years since 1976 except 1980, 1981, 1987, and 1988. Nancy D. Arcement also opened an IRA within the provisions of 26 U.S.C. § 408. Contributions were made into this plan in all years since 1982 except 1987 and 1988.

### A. ERISA Preemption

#### 1. ERISA Section 514(a)—The Preemption Provision

11 U.S.C. § 522(b) provides the bankrupt with a choice between the federal or state

exemption system. The debtor may elect to exempt under either (1) § 522(d) of the Bankruptcy Code, or (2) "state" exemptions that are specified as to his domicile and property exempted under federal law other than subsection (d) of the Bankruptcy Code. 11 U.S.C. § 522. However, in Louisiana, the debtor has no choice and is required to select state exemptions and any other federal exemptions not contained in 11 U.S.C. § 522(b). See LSA–R.S. 13:3881; *In re Gauntt*, 36 B.R. 721 (Bankr.W.D.La. 1984).

The Arcements first argue that the contributions and earnings derived from their Defined Contribution Plan and IRAs (hereinafter referred collectively as "retirement plans") are exempt from seizure under LSA–R.S. 20:33. That statute provides in pertinent part, as follows:

> The following shall be exempt from all liability for any debt except alimony and child support.
>
> 1. All pensions, all proceeds of and payments under annuity policies or plans, all individual retirement accounts, all Keogh plans, all simplified employee pension plans, and all other plans qualified under Sections 401 or 408 of the Internal Revenue Code.

■ Although 11 U.S.C. § 522(b)(2)(A) allows state created exemptions to be utilized in bankruptcy actions, state statutes that are preempted by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") are without effect. In sum, the preemption provision of ERISA displaces all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). This result is dictated by 29 U.S.C. § 1144(a), sometimes referred to as ERISA § 514(a) which provides:

> (a) Supersedure; effective date. Except as provided in subsection (b) of this sec-

tion, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they are now or hereafter relate to any employee benefit plan described in section 1003(a) and not exempt under section 1003(b).

■ The United States Supreme Court in *Mackey v. Lanier Collections Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) reaffirmed its prior decisions which hold that if a state law or statute "relates to" an employee benefit plan, that is if the law or statute has a connection with or reference to such a plan, then the law or statute is preempted by ERISA. Citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–900, 77 L.Ed.2d 490 (1983); *Metropolitan Life Insurance Company v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985); *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Cefalu v. B.F. Goodrich Company*, 871 F.2d 1290 (5th Cir.1989). Furthermore, the Court held that "state laws which are specifically designed to effect employee benefit plans" are preempted under ERISA § 514(a). *Mackey*, 108 S.Ct. at 2185. Moreover, although a state statute may help effectuate ERISA's underlying purposes this is not enough to save the state law from preemption. *Mackey*, at 2185.

In *Mackey*, supra, the Court held that a Georgia statute which exempted ERISA employee welfare benefit plans from garnishment was preempted by ERISA § 514(a). The Court stated:

> ERISA § 514(a) preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). We believe that under our precedents, Ga.Code Ann. § 18–4–22.1 is such a state law....[1]

---

**1.** The Georgia law at issue, in relevant part, provides that: "Funds or benefits of a pension, retirement, or employee benefit plan or program subject to the provisions of the federal Employee Retirement Income Security Act of

1974, as amended, shall not be subject to the process of garnishment ... unless such garnishment is based upon a judgement for alimony or for child support...." Ga.Code.Ann. § 18–4–22.1 (1982).

Consequently, adhering to our precedents in this area, we hold that Ga.Code Ann. § 18–4–22.1, which singles out ERISA employee welfare benefit plans for different treatment under state garnishment procedures, is pre-empted under § 514(a). The state statute's express reference to ERISA plans suffices to bring it within the federal law's pre-emptive reach. *Mackey*, 108 S.Ct. at 2182.

In *Mackey*, the Court focused on two important facts. First, the express reference that the Georgia statute made to ERISA. Secondly, the disparate treatment that the Georgia statute gave to ERISA as opposed to non-ERISA benefit plans. The Court reasoned that this "express reference" to ERISA and the "different treatment" justified preemption. *Mackey*, 108 S.Ct. at 2182.

Likewise, based on similar reasoning, preemption of LSA–R.S. 20:33 is justified. First, LSA–R.S. 20:33 requires that for the benefits to be exempt, the retirement plan must be qualified under § 401 (ERISA qualified pension, profit sharing or stock bonus plan), or § 408 (ERISA qualified individual retirement account) of the Internal Revenue Code (hereinafter "IRC"). These IRC sections govern the tax status of ERISA plans. Thus, the statute's reference to these sections of the IRC by necessity incorporates ERISA. *In re Flindall*, 105 B.R. 32 (Bankr.D.Ariz.1989); *Deposit Guaranty Bank v. Mcleod*, 102 B.R. 60 (Bankr.S.D.Miss.1989). Based on *Mackey*, supra, this express reference to ERISA is sufficient to warrant preemption.

Secondly, LSA–R.S. 20:33 only applies to those retirement plans that "[qualify] under Sections 401 or 408 of the Internal Revenue Code." This disparate treatment between ERISA and non-ERISA qualified retirement plans alone justifies preemption. *Mackey*, 108 S.Ct. at 2185. However, combined with LSA–R.S. 20:33's reference to the IRC sections governing the tax status of ERISA retirement plans, the answer is clear. Absent an applicable exception, this Court must conclude that ERISA preempts LSA–R.S. 20:33.

### 2. *ERISA Section 514(d)— The "Saving" Clause*

■ Despite the expansive ERISA preemption clause, ERISA does not preempt rules and regulations which implement and enforce federal law. Section 514(d), entitled the "saving" clause states that the terms of ERISA do not "alter, amend, modify, invalidate, impair, or supersede" other federal laws. 29 U.S.C. § 1144(d). Furthermore, in *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), the Court concluded that under certain circumstances ERISA also does not preempt state laws which enforce federal goals.

Recently, the Fifth Circuit in *Matter of Dyke*, 943 F.2d 1435 (5th Cir.1991), considered the effect of the "saving" clause on Texas Property Code § 42.0021(a).[2] This Texas statute is similar to LSA–R.S. 20:33 in that both statutes exempt ERISA qualified retirement plans from seizure by creditors. In *Dyke* the court held that:

"Under the specific language of ERISA section 514(d), this Court cannot construe ERISA to modify or impair the policies of other federal laws. The Bankruptcy Code, in particular, is a federal law that ERISA cannot disturb. See *Pension Benefit Guaranty Corp. v. LTV Corp.*,

---

**2.** Tex.Prop.Code Ann. § 42.0021(a) provides as follows: (a) In addition to the exemption prescribed by Section 42.001, a person's right to the assets held in or to receive payments, whether vested or not, under any stock bonus, pension, profit-sharing, or similar plan, including a retirement plan for self-employed individuals, and under any annuity or account described by Section 403(b) of the Internal Revenue Code of 1986, and under any individual retirement account or any individual retirement annuity, including a simplified employee pension plan, is exempt from attachment, execution, and seizure for the satisfaction of debts unless the plan, contract, or account does not qualify under the applicable provisions of the Internal Revenue Code of 1986. A person's right to the assets held in or to receive payments, whether vested or not, under a government or church plan or contract does not qualify under the applicable provisions of the federal Employee Retirement Income Security Act of 1974. If this subsection is held invalid or preempted by federal law in whole or in part or in certain circumstances, the subsection remains in effect in all other respects to the maximum extent permitted by law.

875 F.2d 1008, 1016 (2d Cir.1989), rev. on other grounds, [496] U.S. [633], 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990); *In re Nuttleman*, 117 B.R. 975, 982 (Bankr.D.Neb. 1990). Acting on the authority that the Bankruptcy Code has vested in the states, the Texas legislature has created a state exemption scheme that would advance the principal goal of the Bankruptcy Code. One such exemption in this state scheme, section 42.0021(a) of the Texas Property Code, permits bankrupt debtors to exempt the funds in their retirement plans. Texas.Prop.Code Ann. § 42.0021(a) (Vernon Supp.1991). If the ERISA preemption clause is enforced against section 42.0021(a), the preemption clause would impair the ability of the Bankruptcy Code to ensure—through the Texas state scheme—that Texas debtors can get a 'fresh start' after bankruptcy. Accordingly, this Court concludes that ERISA section 514(d) saves the Texas state exemption scheme from preemption. ERISA does not preempt section 42.0021(a) of the Texas Property Code." *Dyke*, 943 F.2d at 1450.

Acting on the authority of the Bankruptcy Code, the Louisiana legislature has established a scheme which requires the bankrupt to choose state exemptions. One of those exemptions which the State allows is contained in LSA–R.S. 20:33. If this Court did not allow LSA–R.S. 20:33 to be saved by ERISA § 514(d), this Court would be frustrating the authority that the Bankruptcy Code has vested with the Louisiana legislature. Such a result is not logical from a common sense standpoint.

Furthermore, such a result is not permitted from a jurisprudential standpoint. ERISA § 514(d) provides that "nothing in [ERISA] shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States or regulation issued under any law." 29 U.S.C. § 1144(d). Moreover, under certain circumstances, ERISA does not preempt state laws which enforce federal goals. *Shaw*, 103 S.Ct. 2890. This is one such circumstance where a state law, namely LSA–R.S. 20:33, is spared from preemption under the "saving" clause.

Empowered by the Bankruptcy Code, the Louisiana legislature enacted LSA–R.S. 20:33. LSA 20:33 was specifically designed to provide those filing bankruptcy with an exemption from seizure. Such an exemption is permitted by and wholly consistent with the Bankruptcy Code. Furthermore, such an exemption is crucial to the overall functioning of the Bankruptcy Code. Moreover, such an exemption furthers the overall goals of the Bankruptcy Code. Therefore, this Court holds that LSA–R.S. 20:33 is saved from the preemptive reach of ERISA because LSA–R.S. 20:33 is a state law which furthers federal goals.

### B. Section 522(b)(2)(A) Exemptions— "Other Federal Law"

The Debtors next argue that 11 U.S.C. § 522(b)(2)(A) (which allows for non-bankruptcy federal exemptions) read in conjunction with ERISA § 1056(d) and IRC § 401(a)(3) (which require that anti-assignment, anti-alienation clauses be contained in ERISA qualified plans) create a non-bankruptcy federal exemption for profit sharing plans. Based on existing precedent, this Court cannot agree.

As noted earlier, 11 U.S.C. § 522(b) provides the bankrupt with a choice between federal or state exemption systems. The debtor may elect to exempt under either § 522(d) of the bankruptcy code, or "state" exemptions that are specified as to his domicile and property exempted under federal law other than subsection (d) of the Bankruptcy Code. However, in Louisiana, the debtor has no choice and is required to take state exemptions and any other federal exemptions not contained in 11 U.S.C. § 522(b). See LSA–R.S. 13:3881; *In re Gauntt*, 36 B.R. 721 (1984).

Recently, *Dyke*, supra, the Fifth Circuit Court of Appeals addressed whether ERISA § 1056(d) constitutes "other federal law." In *Dyke*, the court cited with approval its holding in *In re Goff*, 706 F.2d 574 (5th Cir.1983), in which it addressed whether anti-alienation provisions provided for under ERISA § 1056(d) is considered "other federal law".

In *Goff,* the court observed that the House and Senate Reports on Bankruptcy Code section 522(b)(2)(A) provided an illustrative list of the types of property a debtor may exempt under federal laws other than § 522(d). This list did not include ERISA. The *Goff* court also noted that while the list is not all inclusive, it is highly probative of the congressional intent not to include ERISA within the group of federal law exemptions. Thus, in *Goff,* supra, the court held that § 1056(d)(1) is not "other federal law". Following precedent, the Court in *Dyke,* reaffirmed *Goff,* supra, and held that ERISA § 1056(d) does not constitute "other federal law". *Dyke,* 943 F.2d at 1445.

Likewise, Debtors argue that ERISA § 1056(d) is considered "other federal law" under 11 U.S.C. § 522(b). However, this argument clashes with binding precedent that this Court must follow. Thus, this Court holds that ERISA § 1056(d) is not considered "other federal law" as that term is used in 11 U.S.C. § 522(b). Therefore, ERISA § 1056(d) does not constitute an exemption.

### C. Section 541(c)(2)—"Applicable Non-bankruptcy Law"

■ Finally, the Debtors argue that the anti-alienation provision of ERISA § 1056(d)(1), which proscribes the assignment or alienation of pension plan benefits, is "applicable non-bankruptcy law" as described in 11 U.S.C. § 541(c)(2). Debtors argue that because the property qualifies for exclusion under § 541(c)(2), the property is not part of the estate and, accordingly, lies beyond the reach of creditors. This Court disagrees.

In *In re Goff,* 706 F.2d 574 (5th Cir.1983), the court reasoned that § 541(c)(2) refers to state spendthrift trust law and not to federal statutes such as ERISA. *Goff,* 706 F.2d at 577. This reasoning was recently upheld in *Dyke,* supra. As the plaintiff has not produced any evidence to persuade this Court to believe that the retirement plans at issue are state spendthrift trusts, it holds that § 541(c)(2) is not applicable to this case.

### D. Conclusion

In sum, the scope of ERISA preemption is broad and expansive. However, ERISA does not preempt state laws which assist in the implementation and enforcement of other federal laws and are consistent with those other federal laws. LSA–R.S. 20:33 is a state law which assists in the implementation and enforcement of the goals of the Bankruptcy Code. Furthermore, LSA–R.S. 20:33 is consistent with the provisions of the Bankruptcy Code. Consequently, ERISA does not preempt LSA–R.S. 20:33.

In addition, this Court finds no applicability of 11 U.S.C. § 522(b) or 11 U.S.C. § 541(c) to this case. Therefore, this Court concludes that Creditor, ITT Commercial's Objection to Exemption is hereby denied. An appropriate order will be entered.